State of Nebraska, appellee, v.
Victor Vela-Montes, appellant.
___ N.W.2d ___

Filed March 21, 2014.    No. S-12-589.

1. **Judgments: Speedy Trial: Appeal and Error.** As a general rule, a trial court's
   determination as to whether charges should be dismissed on speedy trial grounds
   is a factual question which will be affirmed on appeal unless clearly erroneous.
2. **Speedy Trial.** The statutory right to a speedy trial is set forth in Neb. Rev. Stat.
   §§ 29-1207 and 29-1208 (Cum. Supp. 2012).
3. ____. To calculate the deadline for trial under the speedy trial statutes, a
   court must exclude the day the State filed the information, count forward 6
   months, back up 1 day, and then add any time excluded under Neb. Rev. Stat.
   § 29-1207(4) (Cum. Supp. 2012).
4. **Speedy Trial: Waiver.** The statutory right to a speedy trial is not unlimited and
   can be waived.
5. **Speedy Trial: Waiver: Appeal and Error.** A defendant's motion to discharge
   based on statutory speedy trial grounds will be deemed to be a waiver of that
   right under Neb. Rev. Stat. § 29-1207(4)(b) (Cum. Supp. 2012) where (1)
   the filing of such motion results in the continuance of a timely trial to a date
   outside the statutory 6-month period, as calculated on the date the motion to
   discharge was filed, (2) discharge is denied, and (3) that denial is affirmed
   on appeal.
6. **Speedy Trial: Waiver.** Once a defendant has waived his statutory right to a
   speedy trial, an exact calculation of days remaining on the speedy trial clock is
   no longer required.

Appeal from the District Court for Douglas County: J.
Michael Coffey, Judge. Motion for rehearing sustained.
Affirmed.

Daniel R. Stockmann, of Dunn & Stockmann, for appellant.

Jon Bruning, Attorney General, and Kimberly A. Klein for
appellee.

Heavican, C.J., Wright, Connolly, Stephan, McCormack,
and Miller-Lerman, JJ.

Wright, J.
## NATURE OF CASE
In June 2012, Victor Vela-Montes filed his second motion to
discharge based upon the statutory right to a speedy trial. After
the district court overruled the motion, Vela-Montes appealed.

However, while the appeal was pending, he moved to withdraw and dismiss the appeal. We dismissed Vela-Montes' appeal upon his motion without determining how much time remained on the speedy trial clock.

The State sought rehearing due to our failure to address how much time remained on Vela-Montes' speedy trial clock. We sustained the State's motion for rehearing. We now conclude that Vela-Montes waived his statutory right to a speedy trial and that there was no need to calculate the time remaining to bring him to trial. We affirm the dismissal of Vela-Montes' appeal.

## SCOPE OF REVIEW

[1] As a general rule, a trial court's determination as to whether charges should be dismissed on speedy trial grounds is a factual question which will be affirmed on appeal unless clearly erroneous. *State v. Mortensen, ante* p. 158, 841 N.W.2d 393 (2014).

## FACTS

On February 26, 2009, Vela-Montes was charged with two counts of first degree sexual assault. Trial was set for February 1, 2010, but on January 19, Vela-Montes filed a motion for discharge based upon his statutory right to a speedy trial. The district court overruled the motion.

As a result of the district court's decision to overrule Vela-Montes' first motion to discharge, two appeals were filed in the Court of Appeals. The first appeal, *State v. Vela-Montes*, No. A-10-106, was summarily remanded on July 7, 2010, to the district court with direction that the court make "specific findings of each period of delay excludable under Neb. Rev. Stat. § 29-1207(4)(a) to (f) [(Cum. Supp. 2012)]." After the district court made its findings, Vela-Montes appealed again. In *State v. Vela-Montes*, 19 Neb. App. 378, 807 N.W.2d 544 (2011), the Court of Appeals affirmed the district court's denial of absolute discharge and held that 45 days remained on the speedy trial clock. We granted a petition for further review, and we affirmed without opinion. See *State v. Vela-Montes*, 283 Neb. 530, 810 N.W.2d 749 (2012). The mandate on our decision was issued on April 4, 2012, and was filed with the clerk

of the district court on April 9. On May 4, the district court entered an order on the mandate.

On May 16, 2012, the district court set the matter for trial on June 11. But on June 1, Vela-Montes filed a second motion for discharge. He alleged that the 45 days remaining on his speedy trial clock would expire before his trial. The court determined that the June 11 trial date was within the 45 days remaining on the speedy trial clock and overruled Vela-Montes' motion.

Vela-Montes appealed the district court's denial of his second motion to discharge. While the appeal was pending, both parties separately moved to dismiss the appeal. In October 2012, the State moved for summary dismissal, arguing that the appeal was frivolous and should not affect the speedy trial clock. This motion was overruled. Later, in January 2013, Vela-Montes moved to withdraw and dismiss his appeal. In the motion, Vela-Montes stated, "After review of the record and relevant case law, Appellant acknowledges that this appeal is no longer meritorious and wishes to withdraw it from the appellate docket." We sustained Vela-Montes' motion to dismiss with the following order: "Motion of appellant to dismiss appeal sustained; appeal dismissed; mandate to issue accordingly." We did not determine how much time remained on the speedy trial clock.

The State timely moved for rehearing of Vela-Montes' motion to dismiss. No response was filed by Vela-Montes. We sustained the State's motion for rehearing. Pursuant to Neb. Ct. R. App. P. § 2-111(B)(1) (rev. 2008), the case was submitted without oral argument.

## ASSIGNMENT OF ERROR

The State claims we erred by failing to address how much time remained on Vela-Montes' speedy trial clock after the dismissal of an admittedly nonmeritorious interlocutory speedy trial appeal.

## ANALYSIS

[2,3] The statutory right to a speedy trial is set forth in Neb. Rev. Stat. §§ 29-1207 and 29-1208 (Cum. Supp. 2012). *State v. Brooks*, 285 Neb. 640, 828 N.W.2d 496 (2013). Under

§ 29-1207(1), "[e]very person indicted or informed against for any offense shall be brought to trial within six months, and such time shall be computed as provided in this section." To calculate the deadline for trial under the speedy trial statutes, a court must exclude the day the State filed the information, count forward 6 months, back up 1 day, and then add any time excluded under § 29-1207(4). *Brooks, supra*. If a defendant is not brought to trial before the running of the time for trial as provided for in § 29-1207, as extended by excluded periods, he or she shall be entitled to his or her absolute discharge from the offense charged and for any other offense required by law to be joined with that offense. § 29-1208.

[4] The statutory right to a speedy trial is not unlimited and can be waived. *State v. Mortensen, ante* p. 158, 841 N.W.2d 393 (2014). One form of waiver is provided in § 29-1207(4)(b), which states in part that "[a] defendant is deemed to have waived his or her right to speedy trial when the period of delay resulting from a continuance granted at the request of the defendant or his or her counsel extends the trial date beyond the statutory six-month period." The waiver in § 29-1207(4)(b) is a permanent waiver of the statutory right to a speedy trial. See *Mortensen, supra*.

[5] In *Mortensen, ante* at 167, 841 N.W.2d at 401, this court determined that the waiver in § 29-1207(4)(b) extended to "a continuance necessitated by a defendant's motion to discharge where the continuance has the effect of moving trial beyond the statutory 6-month period." Accordingly, we held that

> a defendant's motion to discharge based on statutory speedy trial grounds will be deemed to be a waiver of that right under § 29-1207(4)(b) where (1) the filing of such motion results in the continuance of a timely trial to a date outside the statutory 6-month period, as calculated on the date the motion to discharge was filed, (2) discharge is denied, and (3) that denial is affirmed on appeal.

*Mortensen, ante* at 169-70, 841 N.W.2d at 402-03.

Vela-Montes' first motion to discharge was filed before § 29-1207(4)(b) became operative on July 15, 2010. See 2010 Neb. Laws, L.B. 712, § 15. Thus, that motion could not waive

his statutory right to a speedy trial in the manner established by *Mortensen, supra*. However, we find that Vela-Montes waived his statutory right to a speedy trial with his second motion to discharge, which was filed after the operative date of § 29-1207(4)(b).

Vela-Montes initially appealed the district court's decision to overrule his second motion to discharge. Before the Court of Appeals ruled on the appeal, he moved to have the appeal withdrawn and dismissed. On rehearing of that dismissal, we now affirm the district court's denial of discharge for the reason that Vela-Montes' second motion to discharge did not demonstrate that he had been denied a speedy trial.

In Vela-Montes' second motion to discharge, he argued that the 45 days remaining on his speedy trial clock ran out on May 24, 2012, and that his trial scheduled for June 11 was thus untimely. But these arguments had merit only if, after the appellate proceedings surrounding Vela-Montes' first motion to discharge, the speedy trial clock started to run again on April 9, the day the Court of Appeals' mandate was filed in the district court.

We have previously held that "[w]here further proceedings are to be had following an interlocutory appeal, for speedy trial purposes, the period of time excludable due to the appeal concludes when the district court first reacquires jurisdiction over the case by taking action on the mandate of the appellate court." See *State v. Williams*, 277 Neb. 133, 141-42, 761 N.W.2d 514, 523 (2009). Accordingly, Vela-Montes' speedy trial clock did not start to run again until May 4, when the district court entered its order on the appellate mandate. Using this date as the basis for the speedy trial calculation, when Vela-Montes filed his second motion to discharge on June 1, there were still 17 days remaining for the State to bring him to trial. Because Vela-Montes' speedy trial rights were not violated, we affirm the denial of his second motion to discharge.

In addition to resulting in the denial of discharge, Vela-Montes' second motion to discharge necessitated the continuance of trial from a date within the statutory 6-month period to a date outside the 6-month period, as calculated on

the date he filed the motion. Vela-Montes' second motion continued the trial scheduled for June 11, 2012. The district court overruled the motion, and we affirmed the denial of discharge, because when Vela-Montes filed his motion, there were 17 days remaining on the speedy trial clock, or until June 18. The continuance necessitated by Vela-Montes' motion is still in effect pending resolution of this appeal and has moved his trial well beyond the 17 days remaining when he filed the motion. Because Vela-Montes' second motion to discharge resulted in the continuance of a timely trial to a date outside the statutory 6-month period, as calculated on the date the motion to discharge was filed, and because discharge was denied and that denial was affirmed on appeal, we conclude that Vela-Montes has waived his statutory right to a speedy trial.

[6] In *State v. Mortensen, ante* p. 158, 170, 841 N.W.2d 393, 403 (2014), we held that once a defendant has waived his statutory right to a speedy trial, "an exact calculation of days remaining on the speedy trial clock is no longer required." Therefore, in light of Vela-Montes' waiver, it was not necessary to calculate the amount of time remaining to bring Vela-Montes to trial under § 29-1207. Thus, when the district court reacquires jurisdiction over the cause, the court shall set a date to bring Vela-Montes to trial.

## CONCLUSION

Because Vela-Montes waived his statutory right to a speedy trial, we affirm the order of the district court which overruled Vela-Montes' motion for discharge. The judgment of the district court is affirmed.

AFFIRMED.

CASSEL, J., not participating.