Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
08/25/2017 09:16 PM CDT

STATE OF NEBRASKA, APPELLEE, V.
ROGER BEITEL, APPELLANT.
___ N.W.2d ___

Filed June 2, 2017.    No. S-16-098.

1. **Judgments: Speedy Trial: Appeal and Error.** As a general rule, a trial court's determination as to whether charges should be dismissed on speedy trial grounds is a factual question which will be affirmed on appeal unless clearly erroneous.

2. **Statutes: Appeal and Error.** Statutory interpretation presents a question of law, for which an appellate court has an obligation to reach an independent conclusion irrespective of the determination made by the court below.

3. ____: ____. Statutory language is to be given its plain and ordinary meaning, and an appellate court will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous.

4. **Statutes.** It is not within the province of a court to read a meaning into a statute that is not warranted by the language; neither is it within the province of a court to read anything plain, direct, or unambiguous out of a statute.

5. **Statutes: Legislature: Intent.** In reading a statute, a court must determine and give effect to the purpose and intent of the Legislature as ascertained from the entire language of the statute considered in its plain, ordinary, and popular sense.

6. **Speedy Trial: Joinder: Statutes: Legislature: Intent.** The plain language of Neb. Rev. Stat. § 29-1207(4)(e) (Reissue 2016) and its legislative history both suggest that the Nebraska Legislature intended the statutory right to speedy trial to be a personal right which is not lost merely because a defendant is joined for trial with codefendants whose time for trial has not run.

7. **Speedy Trial: Statutes: Time.** Nebraska's speedy trial statute, Neb. Rev. Stat. § 29-1207(1) (Reissue 2016), provides that every person

indicted or informed against for any offense shall be brought to trial within 6 months and that such time shall be computed as provided in § 29-1207.

8. ____: ____: ____. To compute the 6-month speedy trial period, a court must exclude the day the State filed the information, count forward 6 months, back up 1 day, and then add any time excluded under Neb. Rev. Stat. § 29-1207(4) (Reissue 2016).

9. **Speedy Trial.** The primary burden of bringing an accused person to trial within the time provided by law is upon the State.

10. **Speedy Trial: Dismissal and Nonsuit.** If the State does not bring a defendant to trial within the permitted time, as extended by any periods excluded under Neb. Rev. Stat. § 29-1207(4) (Reissue 2016), the defendant is entitled to absolute discharge from the offense charged.

11. **Speedy Trial: Proof.** The burden of proof is on the State to show, by a preponderance of the evidence, that one or more of the excluded periods under Neb. Rev. Stat. § 29-1207(4) (Reissue 2016) are applicable.

12. **Speedy Trial: Joinder.** The plain language of Neb. Rev. Stat. § 29-1207(4)(e) (Reissue 2016) contains three elements that must be satisfied for the codefendant exclusion to be applicable: (1) The defendant's case must be joined for trial with that of a codefendant as to whom the speedy trial time has not run, (2) the period of delay must be reasonable, and (3) there must be good cause for not granting a severance.

13. **Speedy Trial: Joinder: Pretrial Procedure: Waiver.** A joined codefendant's failure to request a severance before his or her speedy trial time expires has the practical effect of waiving the possibility of a severance, but does not result in a waiver of the right to speedy trial.

14. **Speedy Trial: Joinder: Motions to Dismiss: Time.** In cases where a joint trial is set for a date certain when the defendant files his or her motion for absolute discharge, the period of delay for purposes of Neb. Rev. Stat. § 29-1207(4)(e) (Reissue 2016) is determined by first calculating the defendant's speedy trial time absent the codefendant exclusion and then determining the number of days beyond that date that the joint trial is set to begin.

15. **Speedy Trial: Joinder: Words and Phrases.** For purposes of Neb. Rev. Stat. § 29-1207(4)(e) (Reissue 2016), "good cause" means a substantial reason; one that affords a legal excuse. Good cause is something that must be substantial, but is also a factual question dealt with on a case-by-case basis.

Appeal from the District Court for Scotts Bluff County: Leo Dobrovolny, Judge. Affirmed.

Robert O. Hippe and Kyle J. Long, of Robert Pahlke Law Group, P.C., L.L.O., for appellant.

Douglas J. Peterson, Attorney General, and Stacy M. Foust for appellee.

Heavican, C.J., Wright, Miller-Lerman, Cassel, Stacy, Kelch, and Funke, JJ.

Stacy, J.

Roger Beitel appeals from an order denying his motion for absolute discharge. He contends the district court misapplied the codefendant exclusion under Neb. Rev. Stat. § 29-1207(4)(e) (Reissue 2016) when computing time under Nebraska's speedy trial statutes.[1] Finding no clear error, we affirm.

## I. FACTS

Roger and his father Allen Beitel were both charged in the district court for Scotts Bluff County with criminal conspiracy to commit felony theft in an aggregate amount of more than $1,500. The information against Allen was filed July 1, 2015, and the information against Roger was filed July 15. At Allen's arraignment, his case was set to be tried during the jury term beginning October 5. At Roger's arraignment, his case was set to be tried during the jury term beginning November 2.

On September 21, 2015, Allen filed a motion to continue trial in his case because he was waiting on discovery materials from the State. The following day, the State moved to join Roger's and Allen's cases for trial.

On October 5, 2015, a hearing was held on Allen's motion to continue and the State's motion to join the cases for trial. Both Roger and Allen were present at the hearing and represented by counsel. During the hearing, Allen expressly waived his right to speedy trial, and trial in Allen's case was continued to a date to be determined. Roger's speedy trial time was not

---

[1] See Neb. Rev. Stat. §§ 29-1207 to 29-1209 (Reissue 2016).

addressed during the October 5 hearing. At the close of the hearing, the State's motion for joinder was taken under advisement. In an order entered November 18, the court granted the motion to join Roger's and Allen's cases for trial.

A joint pretrial conference was held January 5, 2016. At the outset of the pretrial conference, the court discussed trial scheduling. The attorneys advised the court they expected trial would last 5 days. The court indicated a preference for trying the case during the first week of February because there were "five [full] days available then" and the court was concerned the January jury pool was not large enough to accommodate the peremptory strikes of two defendants. The joint trial was set for the February 2016 jury term, with jury selection to begin on February 1.

At the conclusion of the pretrial conference, Roger's counsel revisited the trial scheduling issue, stating:

Your Honor, just to put it on the record, and I know we discussed this beforehand if this is better handled in a motion, but . . . I believe that we have an objection to scheduling of the trial in February, as it exceeds the speedy trial date for [Roger].

Roger's counsel noted that the prosecutor had provided the court "with a memorandum specifying that [Roger's] speedy trial date runs on January 24th if he is not considered to be bound to [Allen's] speedy trial date." Counsel indicated he was raising the issue to give the court an opportunity "to consider a separation" of the cases before Roger filed a motion for discharge. The court declined to take up either severance or discharge during the pretrial conference, stating:

Well, if you want me to hear a motion to [sever], you need to file it and if you want me to hear a motion for discharge, you need to file that, too. . . .

. . . .

. . . If you want motion hearings before the day of trial, get them on file and just schedule them . . . and we'll get them heard.

No motion to sever was filed. But on January 27, 2016, Roger filed a motion for absolute discharge alleging his speedy trial time had run on January 24. An evidentiary hearing on the motion was held the next day.

At the hearing on the motion to discharge, the court received 10 exhibits, including (1) the pleadings in Roger's and Allen's cases, (2) an affidavit from the court clerk listing the jury trials scheduled for the January 2016 term and showing that the only date without a scheduled jury trial was January 25, and (3) several exhibits showing that three of the cases set for the January 2016 jury term resulted in a plea or dismissal and ultimately were not tried. The court also took judicial notice of the exhibits received during the earlier hearing on the motion for joinder and took judicial notice of all the filings in Roger's and Allen's criminal cases.

In an order entered January 29, 2016, the court overruled Roger's motion for absolute discharge. It calculated that the 6-month statutory speedy trial time[2] for Roger would expire on January 24 unless the codefendant exclusion of § 29-1207(4)(e) applied to exclude additional time. Under that exclusion, a court shall exclude "[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and there is good cause for not granting a severance."[3]

The court found the State had met its burden of proving each of the factors under § 29-1207(4)(e). Specifically, the court found that (1) Roger's case had been joined for trial with a codefendant whose speedy trial time had not run, (2) the period of delay was reasonable because the joint trial was set to begin just 8 days after Roger's speedy trial time would have run, and (3) "no good cause would exist for severance."

Roger timely appealed from the denial of his motion for absolute discharge. We granted his petition to bypass the Nebraska Court of Appeals.

---

[2] § 29-1207(1).

[3] § 29-1207(4)(e).

## II. ASSIGNMENTS OF ERROR

Roger assigns, renumbered and restated, that the trial court erred in (1) construing § 29-1207(4)(e) to require that a joined codefendant must file a motion to sever in order to preserve his or her statutory right to speedy trial, (2) using the longer of the joint defendants' speedy trial calculations when § 29-1207(4)(e) suggests the shorter of the two should be used, (3) finding the period of delay reasonable when earlier trial dates were available, and (4) finding the State proved good cause for not granting a severance.

## III. STANDARD OF REVIEW

[1] As a general rule, a trial court's determination as to whether charges should be dismissed on speedy trial grounds is a factual question which will be affirmed on appeal unless clearly erroneous.[4]

[2] Statutory interpretation presents a question of law, for which an appellate court has an obligation to reach an independent conclusion irrespective of the determination made by the court below.[5]

## IV. ANALYSIS

[3-5] The codefendant exclusion in § 29-1207(4)(e) was enacted in 1971,[6] and although it has been referenced in reported opinions,[7] no Nebraska appellate court has yet been called upon to interpret or apply it. In construing the provisions of § 29-1207(4)(e), we are guided by familiar principles. Statutory language is to be given its plain and ordinary

---

[4] *State v. Vela-Montes*, 287 Neb. 679, 844 N.W.2d 286 (2014); *State v. Brooks*, 285 Neb. 640, 828 N.W.2d 496 (2013).

[5] *State v. Covey*, 290 Neb. 257, 859 N.W.2d 558 (2015); *State v. Abdulkadir*, 286 Neb. 417, 837 N.W.2d 510 (2013).

[6] 1971 Neb. Laws, L.B. 436.

[7] *State v. Lafler*, 225 Neb. 362, 405 N.W.2d 576 (1987), *abrogated on other grounds, State v. Oldfield*, 236 Neb. 433, 461 N.W.2d 554 (1990); *State v. Alcaraz*, 8 Neb. App. 215, 590 N.W.2d 414 (1999).

meaning, and an appellate court will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous.[8] It is not within the province of a court to read a meaning into a statute that is not warranted by the language; neither is it within the province of a court to read anything plain, direct, or unambiguous out of a statute.[9] In reading a statute, a court must determine and give effect to the purpose and intent of the Legislature as ascertained from the entire language of the statute considered in its plain, ordinary, and popular sense.[10]

### 1. No Unitary Speedy Trial Clock

As a preliminary matter, we note the State asks this court to interpret § 29-1207(4)(e) in a way that would impose a unitary speedy trial clock on all joined codefendants, measured by the codefendant with the most time remaining. We decline to adopt such a construction, because it is not supported by the plain language of the statute or the legislative history.

In *State v. Alvarez*,[11] we addressed the history of the adoption of the Nebraska speedy trial act and recognized that our act is "substantially similar to Standards 2.2 and 2.3 of the Standards Relating to Speedy Trial, recommended by the American Bar Association Project on Minimum Standards for Criminal Justice, Approved Draft, 1968" (ABA Standards). The legislative history of the Nebraska speedy trial act also indicates our Legislature intended to adopt the ABA Standards when it enacted the speedy trial act.[12]

---

[8] *State v. Sikes*, 286 Neb. 38, 834 N.W.2d 609 (2013); *State v. Parks*, 282 Neb. 454, 803 N.W.2d 761 (2011).

[9] *State v. Warriner*, 267 Neb. 424, 675 N.W.2d 112 (2004); *State v. Gartner*, 263 Neb. 153, 638 N.W.2d 849 (2002).

[10] *State v. Mucia*, 292 Neb. 1, 871 N.W.2d 221 (2015); *State v. Huff*, 282 Neb. 78, 802 N.W.2d 77 (2011).

[11] *State v. Alvarez*, 189 Neb. 281, 289, 202 N.W.2d 604, 609 (1972).

[12] Floor Debate, L.B. 436, 82d Leg., 1st Sess. (Apr. 15, 1971) (statement of Senator David Stahmer).

The ABA Standards included commentary related to the language used by our Legislature in § 29-1207(4)(e):

"This standard emphasizes that the right to a speedy trial is a personal right which is not lost merely by the defendant being joined for trial with other defendants as to whom the running of the time limitations has been interrupted. Thus, if defendant A and defendant B are joined for trial, A's right to speedy trial should not ordinarily be impaired by the fact that B has requested or consented to a continuance, is not available for trial, etc. However, the standard would permit the trial judge, in his discretion, to extend the time for A's trial with B for a reasonable period of time for good cause. In such a case the question for the judge is whether the need to try A and B together is sufficiently great to justify some modest extension of the time limits applicable to A."[13]

In requesting that Nebraska's codefendant exclusion be construed to create a unitary speedy trial clock for all joined codefendants, the State relies extensively on cases interpreting the federal Speedy Trial Act of 1974. Like Nebraska's speedy trial act, the federal act contains a codefendant exclusion. However, the language used by Congress in its codefendant exclusion differs from that used by our Legislature.

In adopting the federal act, Congress intentionally changed the language of the codefendant exclusion from that promulgated by the ABA Standards.[14] The federal act contains no "good cause" requirement and instead provides that "[a] reasonable period of delay [may be excluded] when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted."[15] The U.S. Supreme Court has held the language of

---

[13] *Miller v. State*, 706 P.2d 336, 340 (Alaska App. 1968) (quoting commentary to ABA Standard 2.3(g)).

[14] See *United States v. Payden*, 620 F. Supp. 1426 (1985).

[15] 18 U.S.C. § 3161(h)(6) (2012).

the federal codefendant exclusion imposes a general rule that all joined codefendants fall within the speedy trial computation of the latest codefendant.[16] A corollary of this federal "unitary '[s]peedy [t]rial [c]lock'" rule is that an exclusion of time that applies to one joined codefendant generally applies to all joined codefendants.[17]

[6] Because the federal codefendant exclusion is different in terms of both language and legislative history, we do not interpret § 29-1207(4)(e) to impose a unitary speedy trial clock on all joined codefendants. Instead, we find that the Nebraska Legislature intended the statutory right to speedy trial to be a personal right which is not lost merely because a defendant is joined for trial with a codefendant whose time for trial has not run.

## 2. Excluded Time Under § 29-1207(4)(e)

[7,8] Nebraska's speedy trial statute, § 29-1207(1), provides: "Every person indicted or informed against for any offense shall be brought to trial within six months, and such time shall be computed as provided in this section." To compute the 6-month period, a court must exclude the day the State filed the information, count forward 6 months, back up 1 day, and then add any time excluded under § 29-1207(4).[18]

[9-11] The primary burden of bringing an accused person to trial within the time provided by law is upon the State.[19] If the State does not bring a defendant to trial within the permitted time, as extended by any periods excluded under § 29-1207(4), the defendant is entitled to absolute discharge from the offense

---

[16] *Henderson v. United States*, 476 U.S. 321, 106 S. Ct. 1871, 90 L. Ed. 2d 299 (1986).

[17] *United States v. Payden, supra* note 14, 620 F. Supp. at 1427. Accord, *United States v. Piteo*, 726 F.2d 50 (2d Cir. 1983); *United States v. Campbell*, 706 F.2d 1138 (11th Cir. 1983).

[18] See *State v. Betancourt-Garcia*, 295 Neb. 170, 887 N.W.2d 296 (2016).

[19] *State v. Knudtson*, 262 Neb. 917, 636 N.W.2d 379 (2001).

charged.[20] The burden of proof is on the State to show, by a preponderance of the evidence, that one or more of the excluded periods under § 29-1207(4) are applicable.[21]

Section 29-1207(4) identifies the periods of time which "shall be excluded in computing the time for trial." In this appeal, we are concerned primarily with subsection (4)(e), the codefendant exclusion, which requires courts to exclude

[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and there is good cause for not granting a severance. In all other cases, the defendant shall be granted a severance so that he or she may be tried within the time limits applicable to him or her[.]

[12] The plain language of § 29-1207(4)(e) contains three factors that must be satisfied for the codefendant exclusion to be applicable: (1) The defendant's case must be joined for trial with that of a codefendant as to whom the speedy trial time has not run, (2) the period of delay must be reasonable, and (3) there must be good cause for not granting a severance.

### (a) Filing Motion to Sever

Before we address whether the statutory factors were satisfied in the instant case, we pause to address whether a motion to sever must be filed to invoke the provisions of § 29-1207(4)(e). Both parties raise this issue. Roger assigns that the trial court erred by construing § 29-1207(4)(e) to require him to file a motion to sever in order to preserve his statutory right to a speedy trial. And the State argues Roger waived his right to a speedy trial by failing to make a motion to sever at a time that would have permitted his case to be tried within the time limits applicable to him. Both parties are incorrect.

Roger's assignment of error is not supported by the record, because the trial court neither held nor suggested that Roger

---

[20] § 29-1208.

[21] See *State v. Knudtson, supra* note 19.

waived his right to a speedy trial by not filing a motion to sever. And the State's argument that a joined codefendant waives the right to a speedy trial by failing to request a severance is also flawed.

The plain language of § 29-1207(4)(e) references good cause for "granting a severance," and the term "granting" certainly connotes the need for a triggering request of some sort. Such a triggering request is particularly important if a defendant wants the relief afforded by the second portion of subsection (4)(e): "grant[ing] a severance so that he or she may be tried within the time limits applicable to him or her." Obviously, the severance remedy of § 29-1207(4)(e) is available only when the issue of severance is raised before the defendant's speedy trial time expires. Indeed, two other state courts that have addressed the applicability of language identical to that of § 29-1207(4)(e) have suggested that it is the defendant's burden to raise the speedy trial issue prior to the time when his or her speedy trial clock would otherwise expire.[22]

Here, Roger raised an objection to the trial date on the ground it was outside his statutory speedy trial time. But despite the court's direction that he file a motion to sever if he wanted the court to consider that issue before trial, Roger instead waited until the speedy trial time applicable to him expired, and then filed a motion for absolute discharge. By following this procedure, Roger made a calculated choice that left only two possible outcomes.

The first possible outcome was that the court would find the State had proved all the factors of § 29-1207(4)(e). If this occurred, the court would calculate Roger's speedy trial time, excluding time required by § 29-1207(4)(e), and overrule Roger's motion for discharge. The second possible outcome was that the court would find the State had not proved all the factors of § 29-1207(4)(e). If this occurred, it would

---

[22] *Miller v. State, supra* note 13; *People v. Hernandez*, 829 P.2d 392 (Colo. App. 1991).

be too late to grant the relief referenced in the second sentence of § 29-1207(4)(e)—a severance to allow Roger to be tried "within the time limits applicable to him." So instead of a severance, the court would calculate Roger's speedy trial time without excluding any additional period of time under § 29-1207(4)(e), and Roger would be entitled to an absolute discharge under § 29-1208.

[13] As such, while it is correct that Roger's failure to request a severance before his speedy trial time expired had the practical effect of waiving the possibility of a severance, it is incorrect to say the procedure he used resulted in a waiver of his right to speedy trial.[23]

### (b) Factors of § 29-1207(4)(e) Were Satisfied

Here, the parties agree the trial court correctly found the first factor of § 29-1207(4)(e) was satisfied; Roger's case was joined for trial with Allen's case, and when Roger filed his motion for discharge, the speedy trial time for Allen had not run. The parties disagree on whether the State proved, by a preponderance of the evidence, the remaining two factors of § 29-1207(4)(e). We address each factor in turn.

### (i) Reasonableness of Delay

In considering the reasonableness of the delay, the trial court began by identifying the period of time to be measured. The court concluded, and all parties agree, that without factoring in the codefendant exclusion, Roger's speedy trial time would have expired January 24, 2016, due to a pretrial discovery motion that extended the 6 months under § 29-1207(4)(a). The court thus concluded the critical period was the 8 days between January 24 and February 1 (the day the joint trial was set to begin).

[14] In a case such as this, where the joint trial was set for a date certain when the motion for absolute discharge

---

[23] See *State v. Alvarez, supra* note 11.

was filed, we agree that the period of delay for purposes of § 29-1207(4)(e) is determined by first calculating the defendant's speedy trial time absent the codefendant exclusion and then determining the number of days beyond that date that the joint trial is set to begin. To the extent Roger's second assignment of error asserts, incorrectly, that the trial court measured the time period by using Allen's speedy trial calculation rather than Roger's, we find the assignment meritless.

The trial court expressly found the 8-day period of delay reasonable. It referenced exhibit 5, the affidavit of the court clerk, which showed that no "week-long" jury settings were available during the January 2016 jury term. During the pretrial conference, the court was advised it would take 5 days to try the joined cases. The court also expressed concern that the January jury pool was not large enough to accommodate the peremptory strikes of two defendants. On this record, we find no clear error in the court's finding that the 8-day delay was reasonable.

### (ii) Good Cause for Not
### Granting Severance

In its order, the trial court expressly found that "no good cause would exist for severance." The phrasing of this finding does not precisely track the statutory language, which requires a finding that there be "good cause for not granting a severance."[24] While we emphasize that the statutory standard is the proper one, we conclude the trial court's articulation was not material to its analysis of the good cause issue. Our review will focus on whether it was clearly erroneous for the court to determine there was good cause for not granting a severance.

[15] We have not defined "good cause" for purposes of § 29-1207(4)(e), and the statute contains no definition. But in the related context of considering "good cause" under the

---

[24] § 29-1207(4)(e).

speedy trial provisions of Nebraska's detainer statute,[25] we have said "'[g]ood cause means a substantial reason; one that affords a legal excuse.'"[26] We have also recognized that good cause is "'something that must be substantial, but [is] also a factual question dealt with on a case-by-case basis.'"[27] While this definition of good cause is general, we conclude it is a fitting definition to apply to our analysis of speedy trial rights under § 29-1207(4)(e).

Roger argues the trial court's only reason for finding good cause not to grant a severance was the fact that he never filed a motion to sever. While we are persuaded that Roger's failure to request a severance, particularly after the court invited such a motion, is a relevant consideration when determining whether there was a sufficient legal excuse for "not granting a severance,"[28] our reading of the court's order is not as narrow as Roger suggests.[29] In discussing good cause for not granting a severance, the court's order provided:

> [Roger's] case was joined with [Allen's] case on November 18, 2015, before expiration of the statutory speedy trial time for either case. No severance has been requested by Roger since the cases were ordered consolidated. The [c]ourt has considered the evidence received today, exhibits 4-13, and also exhibits 1-3 received at the hearing on consolidation. The [c]ourt also takes judicial notice of all filed documents in [both criminal cases]. The [c]ourt finds that no good cause would exist for severance.

Here, the court considered more than just Roger's failure to request a severance. It also considered the evidence offered in

---

[25] See Neb. Rev. Stat. § 29-3805 (Reissue 2016).

[26] *State v. Kolbjornsen*, 295 Neb. 231, 237, 888 N.W.2d 153, 157 (2016).

[27] *Id.*

[28] § 29-1207(4)(e).

[29] See *U.S. v. Maryea*, 704 F.3d 55 (1st Cir. 2013) (and cases cited therein). See, also, *State v. Alvarez, supra* note 11.

support of the original joinder, the exhibits offered by the parties during the hearing on the motion for discharge, and all the filings in each criminal case. This evidence supports the court's conclusion that there was a substantial reason for not granting a severance, sufficient to satisfy good cause. On this record, we find no clear error in the trial court's determination that there was good cause not to grant a severance just a few days before trial was set to begin.

In summary, we find the trial court correctly interpreted and applied the codefendant exclusion under § 29-1207(4)(e). It did not clearly err in finding that all three factors under § 29-1207(4)(e) were proved by a preponderance of the evidence or in computing Roger's speedy trial time by excluding the 8 days between January 24, 2016, and the start of trial on February 1. As such, the court correctly overruled Roger's motion for absolute discharge.

## V. CONCLUSION

For the foregoing reasons, we affirm the decision of the district court.

AFFIRMED.