IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**


STATE V. PARTEE


NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).


STATE OF NEBRASKA, APPELLEE,

V.

TERRANCE L. PARTEE, APPELLANT.


Filed April 7, 2020.    No. A-19-523.


Appeal from the District Court for Deuel County: DEREK C. WEIMER, Judge. Affirmed.

Audrey M. Elliott, of A. Elliott Law, P.C., L.L.O., for appellant.

Douglas J. Peterson, Attorney General, and Jordan Osborne for appellee.


MOORE, Chief Judge, and RIEDMANN and WELCH, Judges.

WELCH, Judge.

## INTRODUCTION

Terrance L. Partee appeals the Deuel County District Court's denial of his motion for absolute discharge based upon an alleged violation of his right to a speedy trial. For the reasons set forth herein, we affirm.

## STATEMENT OF FACTS

On April 19, 2018, the State filed an eight-count information charging Partee with possession of tetrahydrocannabinols (THC) with the intent to deliver, a Class IIA felony; possession of tetrahydrocannabinols (THC), a Class IV felony; failure to affix a tax stamp, a Class IV felony; tampering with physical evidence, a Class IV felony; obstructing a peace officer, a Class I misdemeanor; false reporting, a Class I misdemeanor; resisting arrest, a Class I misdemeanor; and possession of marijuana, more than one ounce and less than one pound, a

Class III misdemeanor. The information was later amended to downgrade possession of THC from a Class IV felony to an infraction, then amended to remove this charged offense altogether.

On April 24, 2018, Partee filed a motion for discovery which was granted the same day.

On May 3, 2018, Partee filed a motion to continue his arraignment scheduled for May 7 because he could not find transportation on that date. He requested the arraignment be rescheduled to June 4 when he would have transportation. The court granted this motion the same day it was filed. The arraignment took place as scheduled on June 4. During this arraignment, Partee's counsel requested, on the record, that pretrial in this matter be scheduled on the court's September motion day so that the case tracked with the co-defendant's case. The court then scheduled the pretrial on its September 10 motion day.

On September 10, 2018, during the scheduled pretrial hearing, Partee requested a continuance which was granted by the court. The pre-trial hearing was continued to October 1. There is some confusion then as to when Partee filed his motion to suppress. In an affidavit filed by Partee's counsel, counsel averred that she learned that the motion to suppress she intended to file was apparently not on file with the clerk's office. Nevertheless, counsel stated that the motion to suppress was discussed during the September 10 pretrial hearing which was continued to October 1; that she had a last modified, hard copy of the motion to suppress in her own file dated September 11, 2018; and that "the replacement motion should be filed as of September 11, 2018, which will clarify the record should this case be appealed." As evidence that Partee filed, or attempted to file, the motion to suppress prior to the October 1 pretrial hearing, Partee's counsel attested in her affidavit that she represented to the court at the September 10 hearing that all motions would be filed between September 10 and the October 1 pretrial date. Further, counsel attested that, at the October 1 hearing, the parties appeared for the pretrial, but ended up discussing setting the suppression hearing instead. Accordingly, the court, on October 1, continued the pretrial hearing until October 5 to allow the court time to determine available dates to hold the suppression hearing.

A suppression hearing was subsequently held on October 22, 2018, during which the State offered into evidence a body camera video recording. Partee objected on various grounds. The court recessed the proceedings to consider Partee's objections and, on October 26, entered an order overruling those objections and instructed counsel "to contact the Court to schedule the further hearing on the Motion to Suppress." The second day of the suppression hearing was held on January 18, 2019, and the court issued an order overruling Partee's motion to suppress on February 1. Trial was then set for March 28 and 29. However, on March 12, the State moved to continue the trial because one of the State's witnesses was unavailable. The court granted the State's motion to continue and rescheduled the trial for April 17 and 18.

On April 4, 2019, the court telephonically notified the parties about its concern that the April 17 trial date would be past the statutory six month timeframe and advised the parties that, unless it was informed that Partee waived his right to a speedy trial, it would set jury trial for April 10.

On April 10, 2019, Partee filed a motion for absolute discharge based upon an alleged violation of his statutory right to a speedy trial. On May 23, the court denied Partee's motion for an absolute discharge noting there was still time left on the speedy trial clock based on the following calculations:

a. One day (April 24, 2018) due to the filing for and receipt of an order of discovery.

b. Thirty-three days (May 3, 2018 to June 4, 2018) due to [Partee]'s Motion to Continue arraignment;

c. Ninety-eight days (June 5, 2018 to September 10, 2018) due to [Partee]'s request to have this case track with the co-defendant's case and to have the matter set for pre-trial conference in September. "a. This is the timeframe that gave the Court pause in its pre-trial calculation. Having reviewed the transcript of the hearing on June 4, 2018, it is clear in the record that the Court and counsel engaged in a discussion of settings for the matter. [Partee]'s attorney clearly requests in the hearing that the matter be scheduled on the September motion day to keep this case tracking with the co-defendant's case. This is time that cannot run against the State for speedy trial purposes as it was set at the request or at least with the acquiescence of Partee. . . ."

d. Twenty-eight days (September 11, 2018 to October 1, 2018) due to [Partee]'s Motion to Continue the pre-trial conference.

e. One-hundred and twenty-three days (October 2, 2018 to February 1, 2019) due to [Partee]'s Motion to Suppress and resolution of the same.

f. This totals two-hundred and eighty-three days to add from October 15, 2018.

This means that [Partee] had to be brought to trial by July 25, 2019.

Partee has timely appealed to this court.

## ASSIGNMENT OF ERROR

Partee's sole assignment of error is that the district court erred in denying his motion for absolute discharge.

## STANDARD OF REVIEW

Generally, a trial court's determination as to whether charges should be dismissed on speedy trial grounds is a factual question which will be affirmed on appeal unless clearly erroneous. *State v. Lovvorn*, 303 Neb. 844, 932 N.W.2d 64 (2019).

## ANALYSIS

Partee contends that he was entitled to an absolute discharge because the State violated his statutory right to a speedy trial.

The statutory right to a speedy trial is set forth in Neb. Rev. Stat. §§ 29-1207 and 29-1208 (Reissue 2016). See, *State v. Lovvorn, supra*; *State v. Vela-Montes*, 287 Neb. 679, 844 N.W.2d 286 (2014). Section 29-1207(1) provides, in part, that "[e]very person indicted or informed against for any offense shall be brought to trial within six months, and such time shall be computed as provided in this section." If a defendant is not brought to trial before the running of the time for trial as provided for in § 29-1207, as extended by excluded periods, he or she shall be entitled to his or her absolute discharge from the offense charged and for any other offense required by law to be joined with that offense. *State v. Lovvorn, supra*; *State v. Vela-Montes, supra.*

"The primary burden of bringing an accused person to trial within the time provided by law is upon the State." *State v. Beitel*, 296 Neb. 781, 789, 895 N.W.2d 710, 718 (2017). "If the

State does not bring a defendant to trial within the permitted time, as extended by any periods excluded under § 29-1207(4), the defendant is entitled to absolute discharge from the offense charged." *Id.* at 789-90, 895 N.W.2d at 718. "The burden of proof is on the State to show, by a preponderance of the evidence, that one or more of the excluded periods under § 29-1207(4) are applicable." *Id.*

To calculate the deadline for trial under the speedy trial statutes, a court must exclude the day the State filed the information, count forward 6 months, back up 1 day, and then add any time excluded under § 29-1207(4). *State v. Lovvorn, supra*; *State v. Vela-Montes, supra.* Because the information was filed on April 19, 2018, in this case, the State had until October 19 to bring Partee to trial if there were no excludable days. While the parties both acknowledge there are excludable days in connection with the computation, they disagree as to which days are excludable and what was the permitted time the State had to bring Partee to trial. Because we find that the deadline for trial came after April 10, 2019 (the date Partee filed a motion for absolute discharge), applying only excludable time attributable to Partee's motion to continue the arraignment and time attributable to Partee's motion to suppress, we need not resolve other sources of dispute governing excludable time argued by Partee.

"[T]he calculation of excludable time for a continuance begins the day after the continuance is granted and includes the day on which the continuance ends." *Lovvorn*, 303 Neb. at 850, 932 N.W.2d at 69. The calculation of excludable time for a motion to suppress begins from the time of filing until the final disposition of the motion. § 29-1207(4)(a).

The first excludable time period relates to Partee's motion to continue the arraignment filed on May 3, 2018, which hearing was held on June 4. Partee concedes this time is attributable to him and should be excluded. Appellant's brief at 16. Thus, 32 calendar days are excludable from the speedy trial calculation.

The second excludable time period relates to Partee's September 10, 2018, requested continuance of the pre-trial hearing, which was granted and rescheduled for October 1 and Partee's motion to suppress. The record indicates that the parties and court proceeded as if Partee's motion to suppress was filed on September 11, 2018. Although there was some discrepancy in the record as to whether the motion itself was actually filed on September 11, Partee's counsel attested, by affidavit, that filing the motion on that date was her intention; that the motion was discussed at both the September 10 and October 1 hearings; and that, for purposes of the record, the court should consider the motion filed as of September 11, 2018. Based upon our review of this record and Partee's counsel's affidavit, we find that Partee's motion to suppress was initiated for speedy trial purposes on September 11, 2018.

The suppression hearing was then held over two days: October 22, 2018, and January 18, 2019. The court's final disposition of Partee's motion to suppress was filed on February 1, 2019. Therefore, part of the excludable time from Partee's September 10 continuance overlapped with his motion to suppress. Partee concedes that the tolling period related to his motion to suppress is attributable to him, but comes up with a different calculation than the district court.

Our calculation of the excludable time period varies from Partee's. The excludable time for the September 10, 2018, continuance began on September 11, 2018, and ended October 1, while the excludable time for the overlapping motion to suppress began on September 12, but ended on February 1, 2019, when the court entered its order denying Partee's motion to suppress.

Accordingly, the excludable time for this period is 144 calendar days. Adding 144 days to the previously calculated 32 days brings the total number of excludable days to 176 calendar days. These excludable periods alone extended the trial date from October 19, 2018, to Saturday April 13, 2019, making Monday April 15, the last permissible day for trial under our calculations not including other potential excludable time periods.

Here, it is not necessary for us to determine precisely how many days remained on the speedy trial clock when Partee filed his motion for discharge in order to decide this case, nor is it necessary for us to make that determination so that the parties know how much time remains to try Partee. In *State v. Mortensen*, 287 Neb. 158, 841 N.W.2d 393 (2014), the Nebraska Supreme Court held that a defendant's motion to discharge based on statutory speedy trial grounds will be deemed to be a waiver of that right under § 29-1207(4)(b) where (1) the filing of such motion results in the continuance of a timely trial to a date outside the statutory 6-month period, as calculated on the date the motion to discharge was filed; (2) discharge is denied; and (3) that denial is affirmed on appeal.

That is the precise situation presented in this case. Partee's motion for absolute discharge resulted in the continuance of the trial previously scheduled for April 10, 2019. Partee's motion and subsequent appeal have moved any trial many months beyond the time that potentially remained. Further, we conclude that Partee's motion for discharge was properly denied. Accordingly, Partee has waived his statutory right to a speedy trial and there is no need to calculate the exact number of days remaining on the speedy trial clock. See *State v. Vela-Montes*, 287 Neb. 679, 844 N.W.2d 286 (2014).

Because Partee's trial was set for April 10, 2019, with some number of days remaining on the speedy trial clock when Partee filed his motion to discharge, the court did not clearly err in overruling his motion. See *In re Interest of Jabreco G.*, 12 Neb. App. 667, 681, 683 N.W.2d 386, 398 (2004) (affirming both written and oral motions to suppress). Accordingly, this assigned error fails.

## CONCLUSION

For the reasons previously discussed, we affirm the district court's denial of Partee's motion for absolute discharge.

AFFIRMED.