Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
12/24/2021 12:08 AM CST

STATE OF NEBRASKA, APPELLEE, V.
NICOLE M. RIESSLAND, APPELLANT.

Filed October 1, 2021.    No. S-20-884.

1. **Judgments: Speedy Trial: Appeal and Error.** As a general rule, a trial court's determination as to whether charges should be dismissed on speedy trial grounds is a factual question which will be affirmed on appeal unless clearly erroneous.

2. **Statutes: Appeal and Error.** Statutory interpretation presents a question of law, for which an appellate court has an obligation to reach an independent conclusion irrespective of the determination made by the court below.

3. **Speedy Trial: Final Orders: Appeal and Error.** An order denying a defendant's nonfrivolous motion for absolute discharge on speedy trial grounds is a ruling affecting a substantial right in a special proceeding and is therefore final and appealable under Neb. Rev. Stat. § 25-1902(1)(b) (Cum. Supp. 2020).

4. **Speedy Trial: Waiver.** The statutory right to a speedy trial is not unlimited and can be waived.

5. **Speedy Trial: Waiver: Motions for Continuance.** A defendant permanently waives his or her statutory speedy trial rights under Neb. Rev. Stat. § 29-1207(4)(b) (Reissue 2016) when an ultimately unsuccessful motion for discharge results in the continuance of a timely trial to a date outside the statutory 6-month period, as calculated on the date the motion for discharge was filed.

Appeal from the District Court for Buffalo County: JOHN H. MARSH, Judge. Affirmed.

Brandon J. Dugan, Deputy Buffalo County Public Defender, for appellant.

Douglas J. Peterson, Attorney General, and Kimberly A. Klein for appellee.

HEAVICAN, C.J., MILLER-LERMAN, CASSEL, STACY, FUNKE, PAPIK, and FREUDENBERG, JJ.

PAPIK, J.

After the district court overruled Nicole M. Riessland's motion for discharge on statutory speedy trial grounds, finding that there remained 35 days in which the State could timely bring the matter to trial, Riessland did not appeal. Instead, Riessland waited 36 days and then filed a second motion for discharge. The district court did not grant the second motion, finding that, by filing her first motion, Riessland permanently waived her statutory speedy trial rights. This time, Riessland appealed.

Riessland concedes that under *State v. Mortensen*, 287 Neb. 158, 841 N.W.2d 393 (2014), a defendant can permanently waive his or her statutory speedy trial rights by filing an unsuccessful motion for discharge, but contends that a defendant can do so only if he or she also pursues an appeal. We disagree. We hold that a defendant permanently waives his or her statutory speedy trial rights when an ultimately unsuccessful motion for discharge results in the continuance of a timely trial to a date outside the statutory 6-month period, as calculated on the date the motion for discharge was filed. And because that happened here, we affirm.

## BACKGROUND

*First Motion for Discharge.*

Riessland was charged with a crime in August 2019. Trial was eventually scheduled for July 20, 2020. Two weeks before the trial, however, Riessland filed a motion for discharge, alleging that the State had failed to try her within the time required by Nebraska's speedy trial statute. See Neb. Rev. Stat. §§ 29-1207 and 29-1208 (Reissue 2016).

The district court held a hearing on the motion for discharge on July 13, 2020, and overruled it on August 13. In its order, the district court found that between the filing of

charges and Riessland's motion for discharge, there were several periods of excludable time under § 29-1207(4). After adding the excludable time to the 6-month speedy trial period set forth in § 29-1207(1), the district court determined that, at the time Riessland filed her motion for discharge, the last day the State could have timely brought Riessland to trial was August 10.

The district court entered an order setting the matter for a jury trial to begin on September 21, 2020. Riessland did not appeal the district court's denial of her first motion for discharge.

*Second Motion for Discharge.*

On September 18, 2020, Riessland filed a second motion for discharge. Again, Riessland contended that she was entitled to discharge because the State had failed to bring her to trial within the time required by the speedy trial statute.

In response to Riessland's second motion for discharge, the State filed a document styled as a "Motion to Quash Motion for Discharge." In it, the State argued that under *Mortensen, supra*, Riessland had permanently waived her statutory right to a speedy trial, because her first motion for discharge delayed trial beyond the 6-month statutory deadline. At the conclusion of the hearing on the parties' respective motions, the district court stated that, because Riessland's first motion for discharge "took [trial] outside the six months," it would sustain the State's motion. The district court also entered a written order stating that it had sustained the State's motion and set the matter for a jury trial.

Riessland appealed, and we granted the State's motion to bypass.

ASSIGNMENT OF ERROR

Riessland assigns that the district court erred by sustaining the State's motion to quash and denying her motion for discharge.

## STANDARD OF REVIEW

[1] As a general rule, a trial court's determination as to whether charges should be dismissed on speedy trial grounds is a factual question which will be affirmed on appeal unless clearly erroneous. *State v. Beitel*, 296 Neb. 781, 895 N.W.2d 710 (2017).

[2] Statutory interpretation presents a question of law, for which an appellate court has an obligation to reach an independent conclusion irrespective of the determination made by the court below. *Id*.

## ANALYSIS

*Appellate Jurisdiction.*

[3] Before we consider Riessland's speedy trial argument, we outline our reasoning as to why we have jurisdiction to do so. We have held on a number of occasions that an order denying a defendant's nonfrivolous motion for absolute discharge on speedy trial grounds is a ruling affecting a substantial right in a special proceeding and is therefore final and appealable under Neb. Rev. Stat. § 25-1902(1)(b) (Cum. Supp. 2020). See, e.g., *State v. Chapman*, 307 Neb. 443, 949 N.W.2d 490 (2020). Here, however, the district court did not expressly deny Riessland's motion for discharge. Rather, its order purported to grant the State's "Motion to Quash Motion for Discharge."

We note that the State's motion appears to have been at least unnecessary, if not unauthorized. We have concluded on a number of occasions that where a criminal procedure is not authorized by statute, it is unavailable in a criminal proceeding. *State v. Rodriguez-Torres*, 275 Neb. 363, 746 N.W.2d 686 (2008). A Nebraska statute authorizes the use of motions to quash to challenge "defects in the form of the indictment or in the manner in which an offense is charged." See Neb. Rev. Stat. § 29-1808 (Reissue 2016). Our law also recognizes that a party may file a motion to quash a subpoena. See, e.g., *State v. Rice*, 214 Neb. 518, 335 N.W.2d 269 (1983). We are not aware, however, of any authority suggesting that the State can

or must file a motion to quash a defendant's motion for absolute discharge if it believes the defendant has waived his or her statutory speedy trial rights. It would appear that all the State had to do to present its argument that Riessland had waived her speedy trial rights was to advance that argument in opposition to her motion for absolute discharge.

Even though the district court did not expressly rule on Riessland's motion for absolute discharge and instead sustained the State's "Motion to Quash Motion for Discharge," we conclude that we have appellate jurisdiction. By granting the State's motion and scheduling the case for trial, the district court made clear that it had determined that Riessland waived her statutory speedy trial rights and was not entitled to absolute discharge. We thus agree with both Riessland and the State that the district court implicitly overruled Riessland's motion for discharge. Because the district court overruled Riessland's motion for discharge and we find that Riessland's motion was not frivolous, we have jurisdiction to consider her appeal. See *Chapman, supra*.

*Speedy Trial Waiver.*

[4] The statutory right to a speedy trial is not unlimited and can be waived. *State v. Mortensen*, 287 Neb. 158, 841 N.W.2d 393 (2014). This case turns entirely on whether Riessland waived her statutory speedy trial rights by filing her first motion for discharge. Relevant to that question, the speedy trial statute has an express waiver provision in § 29-1207(4)(b), which provides in part: "A defendant is deemed to have waived his or her right to speedy trial when the period of delay resulting from a continuance granted at the request of the defendant or his or her counsel extends the trial date beyond the statutory six-month period."

Interpreting this language, we have said, "[I]f a defendant requests a continuance that moves a trial date which has been set within the statutory 6-month period to a date that is outside the 6-month period, that request constitutes a permanent

waiver of the statutory speedy trial right." *Mortensen*, 287 Neb. at 165, 841 N.W.2d at 400. At issue in this appeal is whether Riessland, by filing her first motion for discharge, requested a continuance that moved a trial date set within the statutory 6-month period to a date outside that period.

At the time Riessland filed her first motion for discharge, she did not expressly request a continuance of the scheduled trial. In *Mortensen*, however, we concluded that, at least in some circumstances, "[i]mplicit within a motion to discharge is a request to continue the proceeding." 287 Neb. at 166, 841 N.W.2d at 400. We reasoned that this was so, because a court must resolve a motion for discharge before the trial can begin. As we explained, if a motion for discharge "cannot be finally resolved without postponing trial, the motion serves no purpose unless it acts as a request for a continuance." *Id.* at 166, 841 N.W.2d at 401.

Riessland does not quarrel with our conclusion in *Mortensen* that a motion for discharge can function as an implicit motion for continuance capable of permanently waiving a defendant's statutory speedy trial rights under § 29-1207(4)(b). She instead contends that a motion for discharge functions as a motion for continuance for purposes of § 29-1207(4)(b) only if the trial court's denial of the motion for discharge is affirmed on appeal. And because Riessland did not appeal the district court's denial of her first motion for discharge, she contends that she did not waive her speedy trial rights.

Our opinion in *Mortensen* does contain some language about how the appeal of an order denying a statutory speedy trial motion for discharge will result in a continuance of the proceedings until the appeal is resolved. 287 Neb. at 166, 841 N.W.2d at 400 ("[b]ecause an order denying discharge is appealable and a notice of appeal filed from the denial of discharge divests the trial court of jurisdiction, the motion for discharge has the immediate effect of continuing the proceedings"). We also made reference to an appeal at the conclusion of our opinion, when we said the following:

[A] defendant's motion to discharge based on statutory speedy trial grounds will be deemed to be a waiver of that right under § 29-1207(4)(b) where (1) the filing of such motion results in the continuance of a timely trial to a date outside the statutory 6-month period, as calculated on the date the motion to discharge was filed, (2) discharge is denied, and (3) *that denial is affirmed on appeal*.

*State v. Mortenson*, 287 Neb. 158, 169-70, 841 N.W.2d 393, 402-03 (2014) (emphasis supplied).

This language from *Mortensen* does not persuade us that a motion for discharge functions as a continuance for purposes of § 29-1207(4)(b) only when the defendant appeals the order denying the motion for discharge and that order is affirmed on appeal. The defendant in *Mortensen* appealed orders denying motions to discharge, and so we discussed the effect an appeal can have in that case. But that language merely supplemented our primary conclusion that, because a court must resolve a motion for discharge before trial can commence, such a motion carries with it an additional, implicit motion to continue trial to the extent necessary to resolve the motion for discharge. That additional, implicit motion to continue is no less present if the defendant later decides not to appeal the denial of a motion for discharge. And just as a motion for discharge that is followed by an appeal can require that trial be postponed until the appeal is resolved, so too can a motion for discharge that is not appealed require that trial be postponed until the motion is resolved. This case illustrates the point: Riessland's trial was scheduled to begin on July 20, 2020, but did not start on that date, because her motion for discharge had not yet been resolved.

In response, Riessland argues that our focus in *Mortensen* was on the extended delay caused by the defendant's appeals of orders denying his motions for discharge. She contends that, because she did not appeal the district court's order denying her first motion for discharge, the delay in her case is not comparable to that in *Mortensen*. We do not dispute

that the delay caused by Riessland's first motion for discharge was significantly shorter than the delay in *Mortensen*. Nor do we dispute the general proposition that if a defendant appeals an order denying a motion for discharge, it will result in more delay than would occur if no appeal is filed. But § 29-1207(4)(b) does not leave it to courts to determine on their own whether a delay was sufficiently long to trigger a waiver. The statute instead directs that waiver results "when the period of delay resulting from a continuance granted at the request of the defendant or his or her counsel extends the trial date beyond the statutory six-month period." § 29-1207(4)(b). The text of the statute does not differentiate between continuances that extend the trial date well beyond the 6-month deadline and those that extend the trial date barely past that mark; either will result in a waiver.

Riessland fares no better with her alternative argument. She suggests that if a motion for discharge can result in the permanent waiver of a defendant's speedy trial rights even if the defendant does not appeal the denial of that motion, the rule we adopted in *State v. Williams*, 277 Neb. 133, 761 N.W.2d 514 (2009), serves no purpose. In *Williams*, we required trial courts to specifically set forth, among other things, "the number of days remaining in which the defendant may be brought to trial after taking into consideration all excludable periods." 277 Neb. at 143-44, 761 N.W.2d at 524. But as we explained in *State v. Lintz*, 298 Neb. 103, 107, 902 N.W.2d 683, 687 (2017), the findings set forth in *Williams* are required "to facilitate appellate review." The findings continue to serve that purpose even if unsuccessful motions for discharge will generally result in the permanent waiver of statutory speedy trial rights.

[5] For these reasons, we see no principled basis upon which we could find, as Riessland urges, that an unsuccessful motion for discharge waives a defendant's statutory speedy trial rights only if the order denying the motion for discharge is appealed. To give effect to the language of § 29-1207(4)(b)

and our conclusion in *Mortensen* that a motion for discharge carries with it an implicit request to continue trial to the extent necessary to resolve the motion for discharge, we hold that a defendant permanently waives his or her statutory speedy trial rights when an ultimately unsuccessful motion for discharge results in the continuance of a timely trial to a date outside the statutory 6-month period, as calculated on the date the motion for discharge was filed.

Application of our holding to the facts of this case is straightforward. Riessland's ultimately unsuccessful first motion for discharge required the district court to continue the trial scheduled for July 20, 2020. July 20 was within the statutory 6-month period. As the district court found in its order on Riessland's first motion for discharge, as of the date Riessland filed her motion, the State could have timely brought her to trial by August 10. And because the district court did not decide the first motion for discharge until August 13, trial was continued to a date outside the statutory 6-month period, as calculated on the date the motion for discharge was filed. Accordingly, Riessland permanently waived her statutory speedy trial rights under § 29-1207(4)(b). Because she had no statutory speedy trial rights to assert when she filed her second motion for discharge, the district court did not err by overruling it.

## CONCLUSION

For the foregoing reasons, we conclude that Riessland's first motion for discharge permanently waived her statutory speedy trial rights and that thus, the district court did not err in overruling her second motion for discharge.

Affirmed.