JUDITH LYNNE RAMSIER, APPELLEE, V. LARRY ALBERT RAMSIER, APPELLANT.
419 N.W.2d 871

Filed March 4, 1988.   No. 87-435.

Richard E. Mueting of Mueting & Stoffer, for appellant.

James G. Egley of Moyer, Moyer, Egley & Fullner, for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

WHITE, J.

This is an appeal from a judgment of the district court for Madison County, Nebraska, denying appellant's motion to set aside a judgment rendered on default. We affirm.

A single assignment of error is stated: "The District Court abused its discretion in refusing to set aside the default judgment and in refusing to order an evidentiary hearing."

On December 31, 1980, the appellee, Judith Lynne Ramsier, was granted a decree dissolving her marriage to appellant, Larry Albert Ramsier. In paragraph 9 of the decree, the court held,

> The respondent shall pay to the petitioner as property settlement, an amount equal to one-half of the cash value of his interest in the Pamida, Inc., profit sharing plan as it

exists on February 1, 1981. Such payment shall not be terminable by death or remarriage of either party.

The decree was not appealed.

On September 22, 1982, a document entitled "Supplemental Petition" was filed in the proceedings. The petition alleged, regarding the substance of paragraph 9 above, the nonpayment of any amount due, which appellee alleged was $2,315.77. The prayer was for judgment, together with interest from the date of the decree, attorney fees, and costs. On October 4, 1982, the court granted leave to file the supplemental petition and directed that appellant plead or answer within 20 days of the date of the order. Appellant did not plead to the petition, although he filed a voluntary appearance.

On February 18, 1987, a motion for default judgment was filed. A copy of the motion was mailed to appellant and received by him on February 20. No response was filed by appellant. A hearing on the motion for default was held on March 2, 1987. The appellee introduced evidence establishing the value of the interest in the profit-sharing plan to be as pled, and the court entered judgment for appellee for that amount, plus interest from the date of the decree and an attorney fee of $250.

In the trial court and in this court, appellant, by way of avoidance, argues that no notice was given to appellant of the date of the hearing on the default, and on this ground alone the motion to set aside the judgment should have been granted.

We take judicial notice of the rules of court filed with the Clerk of the Nebraska Supreme Court. The rules of the Ninth Judicial District in effect provide for an automatic motion calendar. All motions arrive for hearing on dates set by order of the court prior to the commencement of the term. The rules provided that a copy of the motion docket be mailed to each attorney of record prior to the motion day. The assertion that no specific notice was given is not meritorious. See Rules of the District Court of the Ninth Judicial District of Nebraska 3(a), (b), (c), and (d) (filed February 8, 1984).

Appellant further alleges that he has satisfied the provision in the decree by reason of the surrender of certain items of personal property to appellee, and their subsequent sale. The

decree awarded all personal property to the person having possession at the date of the decree. There is no allegation that this property was in the possession of appellant at the time of the decree.

> "A default judgment will not ordinarily be set aside on the application of a party who, by his own fault, negligence, or want of diligence, has failed to protect his own interests. Such a party will not be permitted to ignore the process of the court and thereby impede the termination of litigation."

*Fredericks v. Western Livestock Auction Co.*, 225 Neb. 211, 217, 403 N.W.2d 377, 382 (1987).

This case finally came on for disposition some 5 years after the petition for supplemental relief was filed. Though the claimed defenses are suspect, they might, on a showing of at least a slight attention to the orderly process of the court, justify a court in setting aside the default. In this case, to do so would be a travesty. Litigation must end. The failure to diligently pursue his remedies dooms the appellant. The decision of the trial court is affirmed.

AFFIRMED.