755 N.W.2d 410 (2008)
16 Neb. App. 848
Gayle MANN, appellant,
v.
Lazell RICH, appellee.
No. A-07-1005.
Court of Appeals of Nebraska.
July 22, 2008.
*412 Stephen D. Stroh and Ryan D. Caldwell, of Bianco, Perrone & Stroh, L.L.C., Omaha, for appellant.
Jill A. Daley, of Gallup & Schaefer, Omaha, for appellee.
INBODY, Chief Judge, and IRWIN and CARLSON, Judges.
IRWIN, Judge.

I. INTRODUCTION
Gayle Mann appeals from an order of the district court of Douglas County which modified a decree of paternity by giving Lazell Rich custody of the parties' minor children. On appeal, Mann argues, among other things, that the district court erred in finding that she had adequate notice of the modification hearing. Upon our de novo review of the record, we find insufficient evidence to establish that Mann received adequate notice of the modification hearing. Accordingly, we reverse and remand for further proceedings.

II. BACKGROUND
Mann and Rich are the parents of a child born October 21, 1998, and a child born November 29, 2000. On September 15, 2003, Mann filed a petition alleging that Rich is the biological father of the two children and requesting that the court grant custody of the children to Mann and order Rich to pay a reasonable sum of child support.
On August 21, 2006, a decree of paternity was entered. In the decree, the court determined that Rich is the father of the children, awarded custody of the children to Mann subject to Rich's reasonable rights of visitation, and ordered Rich to pay child support for the benefit of the parties' children.
On December 11, 2006, Rich, proceeding pro se, filed a motion requesting that the court modify the decree of paternity to grant him custody of the parties' minor children. The record indicates that Mann filed an answer to Rich's motion; however, a copy of this answer is not included in our record.
On February 23, 2007, Rich filed a notice of hearing. The notice stated that a hearing regarding a "custody change" was to be held March 21 at 1:30 p.m. Rich signed the notice of hearing, but did not include a certificate of service to establish that the notice had been sent to Mann.
On March 21, 2007, the hearing on Rich's motion to modify the decree of paternity was held. At the modification hearing, Rich appeared pro se and Mann did not appear. Prior to the evidentiary portion of the hearing, the court noted that the notice of hearing did not contain a certificate of service or any other indication that it had been sent to Mann and asked Rich if he had notified Mann of the hearing. Rich told the court that he had mailed a copy of the notice of hearing to Mann's home address. Rich also stated that he had not otherwise informed Mann of the hearing because she would not speak to him. After receiving this information from Rich, the court made the following findings: "Okay. This matter comes on for motion of change of custody for . . . Rich. It does appear to me that sufficient notice was given. . . . Mann, she is aware of these proceedings. She entered her general denial to the motion. So we will proceed with the hearing." At that time, Rich offered the testimony of numerous witnesses in support of his motion to modify the decree of paternity. At the close of the evidence, the court took the matter under advisement.
On April 16, 2007, prior to the court's filing of an order regarding Rich's motion to modify the decree of paternity, Mann *413 filed a motion which asserted that she had not received notice of the March 21 hearing. Mann's motion requested the court to "strike" from the record any evidence presented at the March 21 hearing.
On April 20, 2007, a hearing was held regarding the allegations in Mann's motion. At the hearing, Mann again asserted that she had not received notice of the hearing. She requested that the court disregard the evidence presented at the March 21 hearing and allow the parties to proceed with discovery and pretrial mediation in accordance with local court rules.
After hearing Mann's arguments, the court informed her that "Rich has sworn under oath that he sent to notice [sic] . . . Mann at the residence she resided at for several years prior to the hearing." The court went on to find:
The trial will not be held again as the request has been made. There is enough brought to my attention that I think in light of the inadequate following of the rules leading up to trial, and at least the possible lack of notice, all though [sic] frankly, it's my belief she got the letter and she didn't open it. That's exactly what I think happened, but that's speculative at this point. But that was certainly my belief on the day of trial. Here's what I'll do. I'm going to allow the trial to be reopened. I will allow . . . Mann to induce evidence. However, I will not allow any of witnesses that were called and testified to be recalled and re examined, so if there's evidence to be induced, it will [have to be] by other witnesses called on the day of trial. There will be no requirement regarding methodation or other matters since we are in the middle of trial in that record.
In accordance with the court's findings, on June 29, 2007, another hearing was held regarding Rich's motion to modify the decree of paternity. At that hearing, Mann offered the testimony of Rich and herself. At the close of the evidence, the court issued an order modifying the decree of paternity and granting Rich custody of the parties' minor children subject to Mann's reasonable rights of visitation. Mann appeals from this order.

III. ASSIGNMENTS OF ERROR
Mann assigns as error the court's finding that she received adequate notice of the March 21, 2007, hearing, the court's determination that she not be permitted to cross-examine witnesses who testified at the March 21 hearing, the court's denial of her motion for new trial, the court's failure to follow local court rules, and the court's decision to award custody of the parties' children to Rich.

IV. STANDARD OF REVIEW
[1] Child custody determinations are initially entrusted to the discretion of the trial court, and although reviewed de novo on the record, the trial court's determination will normally be affirmed absent an abuse of discretion. Wild v. Wild, 15 Neb. App. 717, 737 N.W.2d 882 (2007).
[2] Determination of whether procedures afforded an individual comport with constitutional requirements for procedural due process presents a question of law, regarding which an appellate court is obligated to reach its own conclusions independent of those reached by the trial court. Conn v. Conn, 13 Neb.App. 472, 695 N.W.2d 674 (2005).

V. ANALYSIS
[3] We first address Mann's assignment of error that the court erred in finding that she received adequate notice of the March 21, 2007, hearing, as this issue is dispositive of this appeal. Mann argues *414 that there was insufficient evidence to support the court's finding that she had adequate notice of the hearing. In her brief, she asserts, "Rich failed to include a Certificate of Service on the Notice of Hearing.. . . Further, . . . Rich failed to file a Proof of Service in lieu of the Certificate of Service. His testimony alone would not satisfy his burden unless it [was] compl[e]mented with other facts." Brief for appellant at 15.
We agree that the district court erred in finding that Mann had received adequate notice of the March 21, 2007, hearing. We find insufficient evidence in the record to establish that Mann received any notice of this hearing. Accordingly, we reverse the district court's order modifying the decree of paternity and remand the case for further proceedings.
[4, 5] The relationship between parent and child is constitutionally protected and thus cannot be affected without procedural due process. State ex rel. Grape v. Zach, 247 Neb. 29, 524 N.W.2d 788 (1994). Procedural due process includes notice to the person whose right is affected by the proceeding, that is, timely notice reasonably calculated to inform the person concerning the subject and issues involved in the proceeding; reasonable opportunity to refute or defend against the charge or accusation; reasonable opportunity to confront and cross-examine adverse witnesses and present evidence on the charge or accusation; representation by counsel, when such representation is required by the Constitution or statutes; and hearing before an impartial decisionmaker. Id.
In this case, Rich filed a motion requesting a modification of the decree of paternity. Specifically, Rich requested the decree be modified to award him custody of the parties' minor children. This request clearly related to Mann's relationship with her two minor children, and as a result, Mann was entitled to procedural due process. As a part of that due process, Mann was entitled to timely notice of the March 21, 2007, hearing. Rich did file a notice of hearing indicating that a hearing on his motion was to be held on March 21. However, the notice of hearing did not indicate on its face whether Rich provided Mann with timely notice of the hearing. Because there is no proof of service on the face of the notice of hearing, we examine the record to determine if there is any other proof sufficient to establish that Mann did, in fact, receive notice of the hearing.
The local court rules for the Fourth Judicial District outline acceptable means of providing to the court proof of service for any pertinent court document required to be served on an opposing party. We take judicial notice of these local rules because they were properly filed with the Clerk of the Nebraska Supreme Court. See Ramsier v. Ramsier, 227 Neb. 746, 419 N.W.2d 871 (1988). Rules of Dist. Ct. of Fourth Jud. Dist. 4-2(I) (rev.2005) provides, in part:
Proof Of Service Of Papers. Except as otherwise provided by statute or by order of the court, proof of service of any pleading, motion, or other paper required to be served shall be made by: (1) a certificate showing the name and address of any party on whom service was had; (2) written receipt of the opposing party; (3) affidavit of the person making service; (4) return of the county sheriff; or (5) other proof satisfactory to the court.
We find no evidence in the record to establish that Rich provided to the court proof of service of the notice of hearing through a certificate showing Mann's name and address, written receipt from Mann, an affidavit from Rich, or return of the county sheriff. Because there is no evidence of any of these acceptable forms of service of process, we examine the record *415 to determine whether Rich presented any other proof of service which would be "satisfactory" to the court pursuant to local rule 4-2(I)(5).
Upon our de novo review of the record, we do not find satisfactory proof of service of the notice of hearing. The record demonstrates that the only "proof" of service came in the form of Rich's statement to the court that he had mailed a copy of the notice of hearing to Mann at her last known address. While the district court characterizes Rich's comments as being "sworn under oath," we find nothing in the record indicating that Rich was under oath at the time that he discussed the service of process with the court. Rather, the record demonstrates that the statements which transpired between the court and Rich were made somewhat informally prior to the start of the March 21, 2007, hearing. Rich did not offer any other "proof" to establish that he sent the notice of hearing to Mann, pursuant to the district court's local rule 4-2(I)(5).
[6] Rich's informal, unsworn, and uncorroborated statements do not provide sufficient evidence to support a trial court's finding of satisfactory proof of service. In light of local court rule 4-2(I)(5), which requires some proof of service which is "satisfactory" to the court, and in light of the important custodial issues at stake at the March 21, 2007, hearing, we find that Rich's unsworn statements that he mailed the notice of hearing to Mann did not sufficiently establish that Mann's due process right to timely notice was satisfied. Without sufficient proof that Mann was afforded procedural due process, we find that the district court erred in finding that Mann received adequate notice of the March 21 hearing and in permitting the hearing to continue without Mann being present. We reverse the court's order modifying the decree of paternity and remand the case back to the district court for a new hearing on Rich's motion to modify the decree of paternity.
Because we find insufficient evidence to establish that Mann was provided with timely notice of the March 21, 2007, hearing and we remand the case for further proceedings, we decline to address Mann's remaining assignments of error. See Wagner v. Union Pacific RR. Co., 11 Neb. App. 1, 23, 642 N.W.2d 821, 841 (2002) ("[a]n appellate court is not obligated to engage in an analysis which is not needed to adjudicate the case and controversy before it").

VI. CONCLUSION
Upon our de novo review of the record, we find insufficient evidence to establish that Mann received notice of the hearing on Rich's motion to modify the decree of paternity. We find that Mann was not afforded procedural due process, and we reverse the order of the district court which modified the decree of paternity and remand the case for a new hearing on the issue of custody of the parties' minor children.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.