the father. We further conclude that the statute of limitations and the grace period for service of process have both expired and that the relation-back statute is inapplicable in the instant case. Accordingly, the district court properly dismissed Rudd's claim with prejudice. The judgment of the district court is affirmed.

AFFIRMED.

————————————

MORGAN R. GEISS, NOW KNOWN AS
MORGAN R. BENNETT, APPELLEE,
v. ERIC M. GEISS, APPELLANT.
___ N.W.2d ___

Filed June 18, 2013.    No. A-12-564.

1. **Child Custody: Visitation: Appeal and Error.** Child custody determinations, and visitation determinations, are matters initially entrusted to the discretion of the trial court, and although reviewed de novo on the record, the trial court's determinations will normally be affirmed absent an abuse of discretion.

2. **Judges: Words and Phrases.** A judicial abuse of discretion exists when a judge, within the effective limits of authorized judicial power, elects to act or refrains from acting, and the selected option results in a decision which is untenable and unfairly deprives a litigant of a substantial right or a just result in matters submitted for disposition through a judicial system.

3. **Appeal and Error.** Although an appellate court ordinarily considers only those errors assigned and discussed in the briefs, the appellate court may, at its option, notice plain error.

4. **Trial: Waiver: Appeal and Error.** Failure to make a timely objection waives the right to assert prejudicial error on appeal.

5. ____: ____: ____. An appellant's failure to object to the limitation imposed by the trial judge effectively waives the right to raise that ruling as an error on appeal.

6. **Appeal and Error.** An appellate court may consider an issue not raised to the trial court if such issue amounts to plain error.

7. ____. Plain error may be asserted for the first time on appeal or be noted by the appellate court on its own motion.

8. **Appeal and Error: Words and Phrases.** Plain error is error plainly evident from the record and of such a nature that to leave it uncorrected would result in damage to the integrity, reputation, or fairness of the judicial process.

9. **Effectiveness of Counsel.** A pro se litigant is held to the same standard as one who is represented by counsel, and the trial court has the inherent power to compel conformity with Nebraska procedural practice.

Appeal from the District Court for Lincoln County: Donald E. Rowlands, Judge. Affirmed.

Nicholas M. Froeschl, of Morrow, Poppe, Watermeier & Lonowski, P.C., L.L.O., for appellant.

Jeffrey M. Eastman, of Legal Aid of Nebraska, for appellee.

Sievers, Pirtle, and Riedmann, Judges.

Pirtle, Judge.

## INTRODUCTION

Eric M. Geiss appeals from the journal entry entered by the district court for Lincoln County on May 30, 2012, which denied Eric's "Complaint to Modify Child Custody." Eric asserts the district court abused its discretion when it prohibited him from cross-examining witnesses and calling any witnesses of his own. For the reasons that follow, we affirm.

## BACKGROUND

The parties were divorced pursuant to a decree of dissolution entered by the district court for Lincoln County on August 24, 2009. Pursuant to the decree, Morgan R. Geiss, now known as Morgan R. Bennett, was awarded primary physical custody of the minor children of the parties: a daughter, born in 2003, and a son, born in 2005. Eric was awarded parenting time according to the visitation schedule the parties had previously established.

On June 15, 2010, Eric filed a "Complaint to Modify Child Custody," seeking custody of the children. Eric also requested and was granted an ex parte order awarding him temporary custody of the children subject to Morgan's reasonable visitation. Morgan filed a "Motion to Dissolve Ex Parte Custody Order and Application for Custody" on June 22. On July 19, both parties appeared and were represented by counsel at a hearing regarding temporary custody and support. On July 28, the court awarded Eric temporary custody of the children.

On July 20, 2011, Morgan filed a "Motion to Waive Parenting Education and Mediation or Compel and Sanctions," requesting that Eric be required to complete a parenting course and

participate in mediation or, in the alternative, that he be prohib-
ited from presenting evidence at trial on the issues of custody
and visitation. The court's August 22 journal entry required
Eric to schedule the parenting course and mediation within 14
days. He did not comply with that order.

On October 25, 2011, Morgan filed a second motion, alleg-
ing Eric failed to schedule an appointment with a mediator
as previously ordered and seeking the same prohibitions as
sanctions that would prohibit him from introducing evidence
relating to custody and parenting time. Morgan's motion was
set for hearing on November 1. The court's November 11
journal entry indicated that a hearing was held on the second
motion and that Eric was to complete mediation by December
1. The court indicated the motion for sanctions would be held
in abeyance. On December 14, the district court set a trial
date for March 12, 2012. Eric did not complete mediation by
December 1, 2011, and he did not participate in mediation
prior to trial.

Eric obtained new counsel, who filed a motion to continue
on March 6, 2012, which motion indicated the attorney was
recently retained and needed time to prepare for trial. Trial was
moved from March 12 to May 30. On March 19, Eric filed
his "Certificate of Participation in Parenting Act Education
Course." Morgan's "Certificate of Participation in Parenting
Education Course" was filed in the district court on May
19, 2011.

On April 5, 2012, Eric's attorney filed a motion to withdraw
and the court allowed the withdrawal.

On May 30, 2012, Eric appeared for trial without an attor-
ney and was asked if he would like to make an opening state-
ment and whether he opposed Morgan's receiving custody.
Eric made no opening statement and stated he was opposed to
Morgan's receiving custody. The trial judge stated:

[D]o you understand that you were ordered by [a judge]
on two separate occasions to attend mediation[?] You
apparently failed to do that, and so the Court will permit
you to testify here today, but you, as a sanction for failure
to conform to the parenting plan, will be prevented from

calling any witnesses in opposition to the motion or com-
plaint filed by the defendant.

Eric responded that he understood.

> The district court rules of the 11th Judicial District provide:
> Mediation must be scheduled or a hearing on a quali-
> fied request for a waiver of mediation must be scheduled
> no later than 120 days after the filing of the complaint.
> Failure of any party to schedule or attend mediation will
> result in sanctions which may include being prohibited at
> trial from presenting any evidence on the issues of cus-
> tody or parenting time.

Rules of Dist. Ct. of 11th Jud. Dist. 11-4(A)(v) (rev. 2012).

Morgan testified and called witnesses, including her new
husband, a friend, a coworker, and Eric. The witnesses testi-
fied regarding transportation for parenting time, tax exemp-
tions for the children, and the children's progress in school.
Morgan also entered exhibit 3 into evidence, showing she had
contacted a mediator and signed a "Consent to Participate" in
mediation form on June 25, 2011. At the close of Morgan's
testimony, the court stated: "[T]he record will reflect that
the Court is not allowing [Eric] any cross-examination of
[Morgan] or any of [her] witnesses because of his failure
to comply with [a judge's] order on two occasions ordering
[Eric] to enroll in the mediation, which was not done." The
court did give Eric the opportunity to make a statement in his
own behalf regarding why he should retain custody or why
the court should not change custody to Morgan, and Eric said
the following:

> The children have lived with me for the last — over
> three years, and they started living with me the end of
> March 2009. Morgan called me and said she couldn't deal
> with — the kids want to live with me, she couldn't deal
> with them anymore, so they have been living with me
> ever since.
>
> As for me refusing to let her see the kids, the only rea-
> son that I have not met her is I cannot afford to meet her,
> Your Honor. I can't afford to meet her every two weeks.
> That's the only reason that I have. As for — I have been
> doing this — they have been living with me for three

years. I am not the greatest father in the world, just like there is no one is the greatest parent. I do my best. I love my children, and I would do anything for them.

The court determined, based upon the evidence at trial, that there were not sufficient grounds to support Eric's complaint to modify and that the ex parte custody should not have changed from Morgan to Eric. The court stated the parties "originally agreed to joint custody with residential placement in [Morgan], and that's probably where the situation should have remained."

Eric timely filed his notice of appeal on June 25, 2012.

## ASSIGNMENTS OF ERROR

Eric asserts the district court abused its discretion when it prohibited him from cross-examining Morgan's witnesses and prohibited him from presenting any witnesses on his behalf.

## STANDARD OF REVIEW

[1] Child custody determinations, and visitation determinations, are matters initially entrusted to the discretion of the trial court, and although reviewed de novo on the record, the trial court's determinations will normally be affirmed absent an abuse of discretion. *McLaughlin v. McLaughlin*, 264 Neb. 232, 267 N.W.2d 577 (2002).

[2] A judicial abuse of discretion exists when a judge, within the effective limits of authorized judicial power, elects to act or refrains from acting, and the selected option results in a decision which is untenable and unfairly deprives a litigant of a substantial right or a just result in matters submitted for disposition through a judicial system. *Id*.

[3] Although an appellate court ordinarily considers only those errors assigned and discussed in the briefs, the appellate court may, at its option, notice plain error. *State v. Nadeem*, 284 Neb. 513, 822 N.W.2d 372 (2012).

## ANALYSIS

We begin our analysis by taking judicial notice of the trial court's local rules because they were properly filed with the Clerk of the Nebraska Supreme Court. *Mann v. Rich*, 16 Neb. App. 848, 755 N.W.2d 410 (2008).

The district court for Lincoln County is part of the 11th Judicial District. Rule 11-4 of the district court rules of the 11th Judicial District was originally approved by the Nebraska Supreme Court on November 3, 1995, and though it has been amended over the years, it remains in effect. Rule 11-4(A)(v) was approved by the Supreme Court on April 25, 2012.

Rule 11-4(A)(v) states as follows:

> Mediation must be scheduled or a hearing on a qualified request for a waiver of mediation must be scheduled no later than 120 days after the filing of the complaint. Failure of any party to schedule or attend mediation will result in sanctions which may include being prohibited at trial from presenting any evidence on the issues of custody or parenting time.

At the time of the parties' dissolution, the parties developed a parenting plan pursuant to Neb. Rev. Stat. § 43-2929 (Reissue 2008). The plan provides, in relevant part, that

> in the event one or both of the parties wish to change the terms of this Plan in the future, and the parties are unable to agree on the terms of such change, the parties shall attempt to mediate their disagreements by talking to a third person or persons who may be able to help the parties come to an agreement.

In Nebraska, modification proceedings relating to support, custody, parenting time, visitation, other access, or removal of children from the jurisdiction of the court are commenced by filing a complaint to modify. See Neb. Rev. Stat. § 42-364 (Cum. Supp. 2012). Such modification proceedings are governed by the Parenting Act. According to § 42-364(6), an action for modification filed before July 1, 2010, may be referred to mediation, specialized alternative dispute resolution, or other alternative dispute resolution process. On and after July 1, 2010, the parties *shall* be referred to mediation or specialized alternative dispute resolution as provided in the Parenting Act.

In this case, on June 15, 2010, Eric filed a complaint to modify the child custody arrangement. On the same day, he filed an "Application for Temporary Custody and *Ex Parte* Order," requesting the temporary care, custody, and control of

the parties' minor children. The court granted Eric's motion and entered an ex parte temporary custody order on the same day.

Morgan filed a "Motion to Dissolve Ex Parte Custody Order and Application for Custody" on June 22, 2010. On July 19, both parties appeared and were represented by counsel at a hearing regarding temporary custody and support. On July 28, the court awarded Eric temporary custody of the children.

On July 20, 2011, Morgan filed a "Motion to Waive Parenting Education and Mediation or Compel and Sanctions," citing Neb. Rev. Stat. §§ 43-2928 (Reissue 2008) and 43-2937 (Cum. Supp. 2012), as well as the district court rules of the 11th Judicial District. She requested that Eric be required to complete a parenting course and participate in mediation or, in the alternative, that he be prohibited from presenting evidence at trial on the issues of custody and visitation.

On August 22, 2011, the trial court ordered Eric to schedule the parenting course and mediation within 14 days. He failed to do so.

On October 25, 2011, Morgan filed a second motion, alleging Eric failed to schedule an appointment with a mediator as previously ordered and seeking the same prohibitions as sanctions. Specifically, she requested he be prohibited from introducing evidence relating to custody and parenting time. Morgan's motion was set for hearing on November 1. The court's November 11 journal entry indicated that a hearing was held on the second motion and that Eric was to complete mediation by December 1. Eric did not complete mediation at any time.

A notice of trial was filed on December 14, 2011, and trial was set for March 12, 2012. Eric obtained new counsel, who filed a motion to continue on March 6 which indicated the attorney was recently retained and needed time to prepare for trial. Trial was postponed from March 12 to May 30.

On the day of trial, Eric appeared without counsel. The trial court determined that Eric understood he was ordered on two separate occasions to attend mediation and that he failed to do so. Eric confirmed his understanding that this was a failure to conform to the parties' parenting plan, and as a result, the court

imposed sanctions as provided by rule 11-4(A)(v). Eric did not object to the sanctions imposed at the time of trial.

Eric now asserts the district court violated his procedural due process rights. Specifically, he asserts the trial court deprived him of a substantial right by prohibiting him from cross-examining witnesses and presenting any witnesses on his behalf.

[4,5] However, Eric did not request a continuance or object to the sanctions imposed prior to or during trial. This court has held that failure to make a timely objection waives the right to assert prejudicial error on appeal. *Garrett v. Garrett*, 3 Neb. App. 384, 527 N.W.2d 213 (1995). In *Garrett*, the appellant asserted the trial court erroneously limited the time for his cross-examination. This court held that an appellant's failure to object to the limitation imposed by the trial judge effectively waived his right to raise that ruling as an error on appeal. *Id*. We find Eric's failure to make a timely objection at trial constitutes a waiver of his due process argument.

[6-8] Still, an appellate court may consider an issue not raised to the trial court if such issue amounts to plain error. *State v. Nadeem*, 284 Neb. 513, 822 N.W.2d 372 (2012). Plain error may be asserted for the first time on appeal or be noted by the appellate court on its own motion, and we elect to review for plain error in this case. See *Nolan v. Campbell*, 13 Neb. App. 212, 690 N.W.2d 638 (2004). Plain error is error plainly evident from the record and of such a nature that to leave it uncorrected would result in damage to the integrity, reputation, or fairness of the judicial process. *Id*.

Eric asserts that although Morgan requested sanctions, nothing in the record indicates the court ever informed him that his failure to mediate would have such dire consequences. Eric states that as an unrepresented litigant, he was not "fully aware of the potential consequences" brought about by failure to complete mediation. Brief for appellant at 14.

[9] This argument is without merit, as this court and the Nebraska Supreme Court have repeatedly held that a pro se litigant is held to the same standard as one who is represented by counsel, and the trial court has the inherent power to compel conformity with Nebraska procedural practice.

See *Prokop v. Cannon*, 7 Neb. App. 334, 583 N.W.2d 51 (1998). See, also, *State v. Lindsay*, 246 Neb. 101, 517 N.W.2d 102 (1994).

Further, the parties agreed to mediation in the parenting plan, the court is permitted by the Nebraska Revised Statutes to order mediation, and Eric was specifically ordered on at least two occasions to attend mediation. Also, as discussed above, it is clear that the court rules allow for sanctions of the type and severity sought by Morgan, and upon review of the evidence, we find no error in the trial court's application of sanctions in accordance with its local rules.

We also find no error in the court's determination that Eric did not meet his burden to show a material change of circumstances had occurred or that it was in the best interests of the children to change custody.

The evidence shows that Morgan was the primary caregiver prior to the parties' dissolution and that the children resided with Morgan when the parties separated in November 2008. Morgan transported the children to and from school, provided meals, bathed them, and performed their bedtime routines. The parties' parenting plan states the parties agreed that the best interests of the minor children would be served by placing physical custody with Morgan. There is no evidence that Morgan attempted to prevent Eric from seeing the children for scheduled parenting time; rather, she agreed to expand Eric's parenting time without a court mandate.

In June 2010, Eric petitioned the district court for an ex parte custody order and it was granted. The evidence shows that in the 2 years Eric has had physical custody, the children have not had regular medical or dental checkups and Eric admitted he smokes in the home and around the children. The evidence also shows that Eric has resided with multiple roommates, including an "on-and-off" girlfriend and another friend. Eric asked the girlfriend to care for the children when he spent 1½ days in jail for an unpaid fine for a traffic violation. Morgan testified that she was denied visitation with the children and that Eric listens to telephone conversations between Morgan and the children. It is clear the parties have had trouble communicating.

The trial court determined that the joint custody arrangement has not worked and that the best interests of the children would be served by placing their permanent custody in Morgan, subject to the court's standard parenting plan. The evidence supports this conclusion, and having found no evidence of plain error, we affirm the decision of the trial court.

## CONCLUSION

We find Eric waived his claim that his due process rights were violated, and we find no plain error in the trial court's application of sanctions for Eric's failure to comply with the parties' parenting plan and the applicable court rules.

AFFIRMED.

RIEDMANN, Judge, concurring.

I concur with the result, but would do so without reliance upon Rules of the Dist. Ct. of the 11th Jud. Dist. 11-4 (rev. 2012), for the reason that rule 11-4(A)(v) was not approved by the Nebraska Supreme Court until April 25, 2012. Prior to that date, the Nebraska Supreme Court had not approved the language that allowed the court to prohibit a party from introducing evidence as a sanction for failure to mediate. Trial in this matter was held on May 30. In terms of procedural due process, I do not believe that the short timespan between approval of the rule and the date on which it was imposed provided adequate notice to Eric. That being said, the trial court had inherent power to impose the sanction. See *Custom Fabricators v. Lenarduzzi*, 259 Neb. 453, 610 N.W.2d 391 (2000). Morgan's two prior motions requesting such sanctions provided adequate notice to Eric that failure to mediate could result in the trial court's prohibiting him from adducing evidence. I would therefore affirm the trial court's order based upon the court's inherent power to impose the sanction.