IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. VIDALES

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

SAMANTHA L. VIDALES, APPELLANT.

Filed March 27, 2018.    No. A-17-1162.

Appeal from the District Court for Douglas County: GREGORY M. SCHATZ, Judge. Affirmed.

Thomas C. Riley, Douglas County Public Defender, and Zoë R. Wade for appellant.

Douglas J. Peterson, Attorney General, and Sarah E. Marfisi for appellee.

MOORE, Chief Judge, and BISHOP, Judge, and INBODY, Judge, Retired.

INBODY, Judge, Retired.

### INTRODUCTION

Samantha L. Vidales appeals the Douglas County District Court's denial of her motion to transfer her case to juvenile court. She also contends that the district court improperly failed to hold a hearing on her motion to transfer within 15 days as required by Neb. Rev. Stat. § 29-1816(3)(a) (Supp. 2017). Upon our review, we do not find that the district court abused its discretion in denying Vidales' motion to transfer her case to juvenile court. Further, we find that Vidales did not properly preserve her assignment of error regarding the failure of the district court to hold a hearing on her motion to transfer within 15 days. Accordingly, we affirm.

### STATEMENT OF FACTS

On September 8, 2017, the State filed an information charging Vidales with robbery, a Class II felony. Vidales was almost 17 years old on the date of the offense. On September 21,

- 1 -

Vidales filed a motion to transfer the matter to juvenile court and the matter was set for hearing on October 30.

At the October 30, 2017, hearing on Vidales' motion to transfer to the juvenile court, four exhibits were received into evidence. Exhibit 1 is a local record for "Samantha Bidales" under data number 3434906 and exhibit 3 is a local record for "Samantha Vidales" under data number 2254927. These two exhibits were aliased together noting that they were referring to the same person.

Exhibit 2 is a set of police reports for the current case. Among other things, the police reports contain information regarding interviews police conducted with Vidales and her cousin. Vidales told police that she was not the perpetrator of the robbery, that her cousin set up the robbery and told her to sit in the front seat of the car, that she did not know the male assailants, and that she did not receive any of the proceeds from the robbery. However, Vidales' cousin told police that Vidales arranged the robbery with the male assailants, that one of the male assailants was Vidales' ex-boyfriend, and that both male assailants were gang members.

Exhibit 4 is an affidavit by Melissa Driscoll, the juvenile services coordinator for the Douglas County Public Defender's Office. Driscoll's affidavit set forth, among other things, that she has held the position of juvenile court coordinator for the past 16 years; that she was aware the Douglas County Separate Juvenile Court has the authority to detain juveniles it finds to be a flight risk, a danger to themselves, others, or the property of others, or in violation of valid court orders; that the Douglas County Separate Juvenile Court has the authority to order electronic monitoring and tracker services to monitor juveniles in the community; that it was Driscoll's professional opinion that, if the matter was transferred to the Douglas County Separate Juvenile Court, evaluations including, but not limited to, chemical dependency, psychological, and psychiatric could be ordered to consider new information and make recommendations regarding appropriate services and level of care for placement; that she was aware of the treatment services offered by the Douglas County Separate Juvenile Court including, but not limited to, mental health services, individual therapy--specifically cognitive behavioral therapy, family therapy, substance abuse therapy, intensive family preservation, victim empathy classes, appropriate decisionmaking classes, tracker, electronic monitor, and out-of-home placement; and that it was her professional opinion Douglas County Juvenile Court services were available to Vidales including, but not limited to, group home placement (either in or out of state), therapeutic group home (in or out of state), psychiatric residential treatment facility, and/or commitment to the Youth Rehabilitation Treatment Center at Geneva, Nebraska.

The district court denied Vidales' motion to transfer jurisdiction of the case to the Douglas County Separate Juvenile Court. The court found the police reports received into evidence as exhibit 2 indicated that Vidales admitted to being involved in setting up the victim for a robbery by two male individuals, with the robbery to take place in a shopping center parking lot at approximately 2:30 a.m. During the course of the robbery, the victim was punched and pistol-whipped by the two male individuals who perpetrated the robbery using what appeared to be an automatic handgun. The victim was robbed of cash, his cell phone, and his automobile, and the victim required treatment at an Omaha hospital for injuries sustained during the robbery.

The court further found that Vidales admitted to police that she had helped set up the robbery by meeting with the victim in his car in the shopping center parking lot. Shortly after she joined the victim in his car, the two male assailants also entered the victim's car to rob the victim. Further, although Vidales admitted her involvement in the robbery, she was not cooperative in identifying the male assailants for police.

The court also found that there did not appear to be facilities particularly available to the Douglas County Separate Juvenile Court for Vidales' treatment and rehabilitation and that Vidales' best interests and the security of the public "may require" that she continue to remain in secure detention or under supervision for a period extending beyond her majority. The court also found that, taking those factors into consideration and having considered the seriousness of the offense charged, including the motivation for the commission of the offense and the violence involved, as well as the criteria set out in Neb. Rev. Stat. § 43-276 (Reissue 2016), a sound basis existed for retaining jurisdiction in the district court. Vidales timely filed an interlocutory appeal as authorized by § 29-1816(3)(c).

## ASSIGNMENTS OF ERROR

Vidales contends that the district court erred in failing to hold a hearing on her motion to transfer within 15 days as required by statute. She further contends that the district court abused its discretion in denying her motion to transfer to juvenile court.

## STANDARD OF REVIEW

A trial court's denial of a motion to transfer a pending criminal proceeding to the juvenile court is reviewed for an abuse of discretion. *State v. Bluett*, 295 Neb. 369, 889 N.W.2d 83 (2016). An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence. *Id.*

## ANALYSIS

*Failure to Hold Hearing on Motion to Transfer Within 15 Days.*

Vidales contends that the district court erred in failing to hold the hearing on her motion to transfer to juvenile court within 15 days as required by § 29-1816(3)(a).

Section 29-1816(3)(a) provides, in relevant part, "[f]or motions to transfer a case from the county court or district court to juvenile court . . . the county court or district court shall schedule a hearing on such motion within fifteen days." Vidales argues that the statutory language providing that the court "shall schedule a hearing on such motion within fifteen days" is mandatory. However, we need not address this assigned error because Vidales did not raise this issue before the district court. The failure to make a timely objection waives the right to assert prejudicial error on appeal. *Geiss v. Geiss*, 20 Neb. App. 861, 835 N.W.2d 774 (2013). Thus, this issue has not been properly preserved for our review.

*Motion to Transfer to Juvenile Court.*

Neb. Rev. Stat. § 43-246.01(3) (Reissue 2016) grants concurrent jurisdiction to the juvenile court and the county or district courts over juvenile offenders who (1) are 11 years of age or older

and commit a traffic offense that is not a felony or (2) are 14 years of age or older and commit a Class I, IA, IB, IC, ID, II, or IIA felony. Actions against these juveniles may be initiated either in juvenile court or in the county or district court. In the present case, the allegation against Vidales placed her within this category of juvenile offenders.

When an alleged offense is one over which both the juvenile court and the criminal court can exercise jurisdiction, a party can move to transfer the matter. For matters initiated in criminal court, a party can move to transfer it to juvenile court pursuant to § 29-1816(3).

In the instant case, when Vidales moved to transfer her case to juvenile court, the district court conducted a hearing pursuant to § 29-1816(3)(a), which subsection requires consideration of the following factors set forth in § 43-276:

(a) The type of treatment such juvenile would most likely be amenable to; (b) whether there is evidence that the alleged offense included violence; (c) the motivation for the commission of the offense; (d) the age of the juvenile and the ages and circumstances of any others involved in the offense; (e) the previous history of the juvenile, including whether he or she had been convicted of any previous offenses or adjudicated in juvenile court; (f) the best interests of the juvenile; (g) consideration of public safety; (h) consideration of the juvenile's ability to appreciate the nature and seriousness of his or her conduct; (i) whether the best interests of the juvenile and the security of the public may require that the juvenile continue in secure detention or under supervision for a period extending beyond his or her minority and, if so, the available alternatives best suited to this purpose; (j) whether the victim agrees to participate in mediation; (k) whether there is a juvenile pretrial diversion program established pursuant to sections 43-260.02 to 43-260.07; (l) whether the juvenile has been convicted of or has acknowledged unauthorized use or possession of a firearm; (m) whether a juvenile court order has been issued for the juvenile pursuant to section 43-2,106.03; (n) whether the juvenile is a criminal street gang member; and (o) such other matters as the parties deem relevant to aid in the decision.

The customary rules of evidence shall not be followed at such hearing and, "[a]fter considering all the evidence and reasons presented by both parties, the case shall be transferred to juvenile court unless a sound basis exists for retaining the case in county court or district court." See § 29-1816(3)(a) and (b).

In conducting a hearing on a motion to transfer a pending criminal case to juvenile court, the district court should employ "a balancing test by which public protection and societal security are weighed against the practical and nonproblematical rehabilitation of the juvenile." *State v. Stevens*, 290 Neb. 460, 465, 860 N.W.2d 717, 725 (2015). "In order to retain the proceedings, the court need not resolve every factor against the juvenile, and there are no weighted factors and no prescribed method by which more or less weight is assigned to a specific factor." *Id.* "The burden of proving a sound basis for retention lies with the State." *Id.*

Vidales argues that the district court's finding that "there do not appear to be facilities particularly available to the separate juvenile court for treatment and rehabilitation" of Vidales was contradicted by Driscoll's affidavit which described evaluations and services available through

the juvenile court. However, the district court noted that Vidales' best interests and the security of the public may require her to continue to remain in secure detention or under supervision for a period extending beyond her majority. Given the short amount of time that Vidales would be under the jurisdiction of the juvenile court if the case were transferred and the severity of the offense charged, the district court did not err in finding that the separate juvenile court did not have facilities available to meet Vidales' needs.

Vidales further argues that, although the robbery was a violent crime, she was not the perpetrator of the violence, the evidence did not establish that she had any prior knowledge of the violence that would be done to the victim, and she did not receive any of the proceeds from the robbery. Contrary to Vidales' claims, the record is in conflict regarding the degree to which Vidales was involved with the planning of the robbery. Although Vidales asserted in her police interview that she did not know the male assailants and her cousin set up the robbery and told her to sit in the front seat of the car, Vidales' cousin told police that Vidales arranged the robbery with the male assailants, one of the male assailants was Vidales' ex-boyfriend, and both assailants were gang members.

When a court's basis for retaining jurisdiction over a juvenile is supported by appropriate evidence, it cannot be said that the court abused its discretion in refusing to transfer the case to the juvenile court. See *State v. Goodwin*, 278 Neb. 945, 774 N.W.2d 733 (2009). In this case, the State established the violence involved in the robbery, the motivation for the offense (money), Vidales' admitted participation in the robbery, the fact that the victim suffered injuries, the fact that Vidales was almost 17 years old when the offense was committed, and Vidales' unwillingness to identify the male assailants, which all support the district court's finding that a sound basis for retaining jurisdiction existed. Because there was appropriate evidence to support the district court's refusal to transfer Vidales' case to the juvenile court, we cannot say that the district court abused its discretion.

## CONCLUSION

Vidales failed to properly preserve her assigned error regarding the district court's failure to hold a hearing on her motion to transfer within 15 days, and we reject her claim that the district court abused its discretion in denying her motion to transfer to juvenile court. Therefore, the district court's order is affirmed.

AFFIRMED.